WIGGINS *v.* NORTON *et al.*

1. Where the trial judge fails to approve the grounds of the motion for a new trial, but certifies that they "are subject to correction by the record of the proceedings as made out by the stenographer and in the brief of evidence," this court will decline to consider such grounds, especially as, in order to verify them, it is necessary to read 275 pages of closely written and printed matter, and it is the duty of trial judges and not of this court to make such verification.

(*a*) If a judge refuses to approve the grounds of a motion for a new trial as true when they are true, the law provides a sufficient remedy for the movants to compel such approval.

2. This court cannot pass upon the merits of the case, as brought up in the ground that the verdict is contrary to the evidence, where the so-called brief of evidence consists of 275 closely written and printed pages, made up in great part of questions of counsel, colloquies between counsel and court, wranglings of counsel among themselves, witticisms and sharp retorts of counsel and witnesses, remarks of the stenographer, and page after page of repetitions and irrelevant matter.

3. When an officer arrests a prisoner in a district or village where there is excitement at the time, and there is danger of a riot at the commitment trial, and the magistrate of the district is consulted about carrying the prisoner to another district before a magistrate there, and assents thereto, it is within the discretion of the arresting officer to carry the prisoner to the other district.

(*a*) The officer did not abuse his discretion in carrying the prisoner on the cars to the county site sixteen miles from the place of arrest, the magistrate at the county site being perhaps more accessible, considering the means of transportation, than the magistrate of an adjoining district four or five miles off from the railroad.

4. While it is the duty of an arresting officer to carry his prisoner before some officer authorized to inquire into the accusation, and if he wilfully or negligently fails to do this, and detains the prisoner for an unreasonable length of time before carrying him before the magistrate, he is guilty of false imprisonment and liable to damages, yet if they arrive at the place where the magistrate resides at night and at a time when the magistrate is not accessible, the officer may place the prisoner in jail during the night for safe-keeping, and will not be liable therefor.

April 22, 1889.

Practice.   Brief of evidence.   New trial.   Officers. Arrest.   False imprisonment.   Before Judge RICHARD H. CLARK.   Dekalb superior court.   August term, 1888.

Reported in the decision.

CANDLER, THOMSON & CANDLER, for plaintiff.

JOHN T. GLENN, for defendants.

SIMMONS, Justice.

Wiggins sued Norton and others for damages, for false imprisonment. The jury returned a verdict for the defendants. Wiggins moved for a new trial on fourteen grounds, which motion was overruled by the court, and he excepted.

1. The grounds from one to eleven inclusive complain of the action of the court in admitting certain evidence. The court, in approving these grounds, qualifies his approval as follows: "All exceptions to the action of the court as to what transpired during the progress of the case, are subject to correction by the record of the proceedings as made out by the stenographer and in the brief of evidence." Counsel for the defendants in error objected to the consideration by this court of these grounds of the motion, because the trial judge had not approved the same as the law requires. We think the objection is well-taken. The law requires the trial judge to approve the grounds of the motion for a new trial as true, either in the motion itself or in the bill of exceptions. In this case he has failed to approve them, either in the motion for a new trial or in the bill of exceptions, the bill of exceptions containing the same qualified approval as above quoted. The judge says in his certificate that these grounds are subject to correction by the record of the proceedings as made out by the stenographer in the brief of evidence. This so-called "brief" of evidence contains 275 pages of closely written and printed matter. The constitution and laws of this State require us to hear and determine every case on our docket at the first term of the court, except in case of inability from providential

cause or other exceptions specified by law. It is therefore impossible for us to undertake to read records 275 pages in length for the purpose simply of verifying the grounds of a motion for a new trial. The law does not put this burden upon us, and we shall not undertake to assume it. It is placed upon the trial judges. The law makes it their duty to verify the grounds of the motion for a new trial. *Mayor of Macon* v. *Harris*, 75 *Ga.* 761; *Maynard & Son* v. *Ponder*, *Ib.* 664.

But it was insisted by counsel for the plaintiff in error that counsel is powerless where the judge refuses to give an express approval. We do not think so. If a judge refuses to approve the grounds of a motion for new trial as true when the same are true, the law provides a sufficient remedy for the movants to compel such approval. *Anderson* v. *Faw*, 79 *Ga.* 558. We therefore decline to consider these grounds of the motion.

2. We also decline to consider in this case the ground that the verdict is contrary to the evidence. As said before, this so-called "brief of evidence" contains 275 closely written and printed pages. It is made up in great part of questions of counsel, colloquies between counsel and the court, wranglings of counsel among themselves, the witticisms and sharp retorts of counsel and the witnesses, remarks of the stenographer, and page after page of repetitions, and of the most irrelevant matter I have observed in a record since I have been on this bench. We undertook to read it as a court, but after reading it for several hours, we had, in justice to other matters, to desist. One of our number managed to glance through it in a hurried way, and it took him over a day to do so. We have repeatedly appealed to trial judges and counsel to desist from sending up such records as this to this court. In the case of *Chambers* v. *Walker*, decided in April of last year, (80 *Ga.* 642,) we made such an appeal, and said that if counsel should

persist in bringing up such records, " we would see if we could not find out a way by which this court could be protected against proceedings of this sort." After this intimation had been made by the court, the present case was tried, and this so-called " brief" was made in the December following. We are willing to work and do everything it is possible for men to do in the discharge of the onerous duties which the law places upon us, but we are not willing to take up the time which ought to be devoted to other litigants, in spending hours and days of our time in reading such records as this. And we announce now that, hereafter, whenever it becomes necessary for us to read a record in order to decide upon the merits of a case, and we find that record made up as this one is, we shall feel at liberty to decline to read it for that purpose. For these reasons we decline to pass upon the merits of this case.

3. The view we have taken of this case leaves only two grounds of the motion to be considered, to wit, the 12th and 13th. The 12th ground is as follows: " Because the court erred in the following charge to the jury, to wit: ' I charge you that if this removal from Lithonia to Decatur was because of excitement which existed there on the subject of this offence and of this arrest, and that there was danger of a riot there from an examination there, that would be a sufficient ground for taking the prisoner elsewhere. It would be a sufficient ground for an exercise of the officer's discretion in taking the prisoner elsewhere.' "

We see no error in this charge. We think with the judge below that when an officer arrests a prisoner and there is excitement in the district or village in which he is arrested, and there is danger of a riot at the commitment trial, and the magistrate of the district is consulted about carrying the prisoner to another district, before another magistrate, and he assents thereto, it is

within the discretion of the arresting officer to carry the prisoner to another and different district; and we think there is sufficient evidence in this case to authorize the judge to give this principle in charge. Nor did the officer abuse his discretion in this case in carrying the prisoner on the cars to the county site, sixteen miles from the place of the arrest. The magistrate at the county site was perhaps more accessible, considering the means of transportation, than the magistrate of an adjoining district four or five miles off from the railroad.

4. The 13th ground complains that the court erred in charging the jury as follows: "If you do not believe from the evidence that they could have got him before a justice of the peace that night,—if you do not believe he could have been carried there, and you believe then that he was turned over by the constable to the sheriff and the sheriff had to keep the prisoner until the next morning before he could get a justice of the peace, then the sheriff would have been authorized to have placed him in a place for safe-keeping where all prisoners are placed who are not under bond. It will depend, therefore, as to putting him in jail, upon this branch of the case, upon the fact as to whether they could have got access to a justice of the peace that night."

There was no error in this charge. It is the duty of an arresting officer, when he arrests a prisoner, to carry him without delay before some officer authorized to inquire into the accusation; and if he wilfully or negligently fails to do this and detains the prisoner for an unreasonable length of time without carrying him before the magistrate, he would be guilty of false imprisonment, and would be liable to damages therefor. But if he arrests him and takes him to the place where the magistrate resides, and arrives there about night and at a time when the magistrate is not accessible, he has a right to place the prisoner in jail during the night for

safe-keeping, and he would not be liable for placing him in jail. These principles were embodied in the above instruction and in the general charge, and we see no error therein.                              *Judgment affirmed*