## HUFF v. THE STATE.

1. It is no intimation that a special defence, such as *alibi*, is doubtful or untrue, for the presiding judge to charge the jury in substance that the defence, if true, is decisive of the case, and that if the jury think it sustained by the evidence, they need not investigate further.    In this case the instruction complained of was as follows: "Let me suggest, as a preliminary matter for you, the consideration of the defendant's defence, because if you think that is sustained by the proof, you need not investigate the question of assault with intent to murder, or of the lesser grades that fall under that charge.    The defendant contends as to whoever may have committed the assault upon the street car conductor, and whatever his guilt may be, that he is not concerned in it, because he says he is not the man.    The jury will see that contention goes to the root of the whole matter, and if it is true it ends the case.    He claims that he has proved what the lawyers call an *alibi*, that he has shown by the evidence of the various witnesses that at the time of the occurrence, that at the time of the actual shooting here in town, he was two or three miles, whatever the distance may be, away from the scene of the transaction, the crime.    He claims he has proven that at the actual time of the shooting he was in Vineville, some miles from the place of the shooting, and could not possibly have been present."

2. The evidence not being briefed as required by statute, but set out by questions and answers covering more than thirty pages, the immaterial blended with the material, this court presumes the evidence was sufficient to warrant the finding, the presiding judge having approved the verdict by denying a new trial.

October 8, 1892.    *Judgment affirmed.*

Before Judge MILLER.    Bibb superior court.    April term, 1892.

Huff was charged with the offence of assault with intent to murder one Cowan.    He was convicted, and moved for a new trial; his motion was overruled, and

he excepted. Besides the grounds that the verdict was contrary to law and evidence, it was alleged in the motion that the court erred in charging the jury as shown in the first head-note.

The testimony for the State, briefly stated, was to this effect: Defendant was a passenger upon an electric car in Bibb county; he had been drinking. After the car passed Johnson's corner, defendant told the conductor, Cowan, he wanted to get off at Johnson's corner; the conductor replied that defendant had not told him, asked why defendant did not tell him, and said he would stop. When the car stopped the conductor told him to get off, and defendant said, by G——, that was what he was going to do. The conductor told him to get off and not give him any of his slack jaw. Defendant got on the ground, called the conductor a vile name, and said he would give the conductor as much as he (defendant) wanted to. The conductor grabbed the brake-handle, which was iron rod about twelve inches long, and jumped on the ground; defendant threw his hand behind him as if to get his pistol, and ran back "in a circle kinder"; the conductor struck at him (whether he hit him or not seems doubtful from the evidence); defendant drew his pistol, and the conductor struck at him again; the brake-handle flew out of the conductor's hand and the conductor ran, and defendant fired at him with a pistol and ran. As to the brake-handle there was evidence that it was not very heavy; that one could knock a man down with it if he hit the man right; that the conductor could not knock a man down like defendant, unless he stood up right straight and the conductor got up on a box or something and hit him. The evidence for the defendant was mainly upon the question of *alibi*.

John R. Cooper, by brief, for plaintiff in error.

W. H. Felton, Jr., solicitor-general, by brief, *contra*.