<hr/>

### ROBERTS *v.* THE STATE.

1. Alleged error in overruling a demurrer to an indictment is not a proper ground of a motion for a new trial.
2. On the trial of an indictment for the forgery of a railroad pass, there was no error in charging: "If any one should happen to sign or write his name on a piece of paper, and some one should get hold of it and fraudulently write above it a promissory note, it would be a forgery in the letter and spirit of the law," the charge being correct law, and not improperly used as an illustration in the course of the court's instructions to the jury.
3. Alleged errors in "failing to charge as to the legal presumption of innocence," and in "failing to explain the legal meaning of reasonable doubt," there being no proper requests to charge on these subjects; in "making the charge in argumentative form," with-

out stating how; in withdrawing or admitting evidence, without plainly and distinctly setting forth what the evidence was; in "expressing an opinion as to the effect of certain documentary evidence," without stating what the expression was, and other like assignments of error, are too vague, indefinite and uncertain to be considered, and afford no cause for a new trial.

4. The evidence not having been briefed as required by law, but a full stenographic report thereof, in dialogue form, having been filed with the motion for a new trial, this court, without further examination, will presume that the trial judge, who was satisfied with the verdict, rightly held the material allegations of the indictment were sufficiently proved; and a new trial will not be granted on the ground that the verdict was contrary to the evidence.                                     *Judgment affirmed.*

March 14, 1893.

Indictment for forgery. Before Judge Richard H. Clark. Fulton superior court. September term, 1892.

D. R. Keith, Clinton Gowdy and F. L. Haralson, for plaintiff in error. C. D. Hill, solicitor-general, *contra*.

---

