## MERCHANTS NATIONAL BANK OF ROME *v.*
## VANDIVER, and *vice versa.*

1. It is, in the trial of an action upon a promissory note, competent to prove that it was the last of a series of several renewals of a note originally given, and also to prove what was the consideration of the first note, without producing it or any of the renewal notes.
2. The charge of the court of which complaint is made in the motion for a new trial was, in the abstract, substantially correct, but it was barely authorized by the evidence; and the verdict, if warranted at all, should be set aside because of error in rejecting testimony.
3. The fact that a document tendered as a brief of evidence consisted, so far as related to the oral testimony, exclusively of questions and answers, did not render improper its approval by the judge, nor will such approval be set aside by this court merely because the paper contained some imma-

terial questions and answers; the judge certifying that it was made up from the official stenographic report of the trial, from which much immaterial matter was eliminated, and that, in his opinion, the efforts of counsel to make a legal brief sufficiently complied with the requirements of the law to render proper his approval of it as such.

Argued February 23,—Decided April 12, 1898.

Complaint on note.    Before Judge Henry.    Floyd superior court.    June 9, 1897.

*C. N. Featherston*, for plaintiff.    *Dean & Dean*, for defendant.

FISH, J.    The Merchants National Bank of Rome brought an action against Vandiver upon a promissory note, signed by him, and payable to "J. King, Pt." It was conceded on both sides that Vandiver was an accommodation maker of this note, and the only issue at the trial was whether or not he signed for the accommodation of the bank or for the personal accommodation of J. King, who was the bank's president. Of course, the bank could not recover from Vandiver on this paper if he had executed the same for its accommodation. It could, however, recover if King was the party accommodated, and, as such, had caused the bank to discount the note for his individual benefit. There was really no controversy as to the correctness of these propositions; but the case was seriously contested upon the issue of fact above stated.

1. At the trial Vandiver, who had been introduced as a witness in his own behalf, upon his cross-examination answered that the note sued on was given in renewal of a prior note, and that it was in fact the last of a number of renewals. His counsel objected to, and moved to rule out, this evidence, (1) "because there was nothing in the pleadings to justify it," and (2) "because those prior notes had not been produced, and were the best evidence of such renewals." The court sustained the objection and excluded this evidence. This, we think, was erroneous. In the first place, the plaintiff's counsel was evidently endeavoring to disprove the allegations in Vandiver's answer, that the note was given for the accommodation of the bank; and to this end, it was legitimate to show under what circumstances and upon what consideration the note was signed.

If it was the last of a series of renewals, it was competent to prove this fact, and also to show that the note first given was for the accommodation of King, and not that of the bank. Secondly, the production of all the prior notes would not have shown that each was a renewal of another. What the bank wished to prove was the independent fact that the note involved in the present case was the last of a series of renewals, and that the first note of all was made for King's accommodation; and it was not essential to this end that it should go into the contents of any of the prior notes, or in any manner contradict or vary anything therein contained.

2. The court, in substance, charged that if Vandiver executed and delivered the note in question to accommodate the bank, and solely for the purpose of lending his credit to the bank, it could not recover; and that this would be true even if King, without Vandiver's knowledge or consent, had the note discounted for his personal benefit. This charge was, in the abstract, substantially correct, but it was barely authorized by the evidence; for, according to Vandiver's own testimony closely scrutinized, it is almost, if not quite, certain that in signing the original note he did so for the accommodation of King as an individual, and not for the accommodation of the bank. Even upon the assumption that there was doubt enough about this matter to justify the charge complained of, we are quite sure that a new trial should be granted because of the error committed in rejecting testimony, and also upon the general complexion of the case.

3. By a cross-bill of exceptions the defendant in error excepted to a refusal by the judge to revoke his approval of the document which the bank had tendered as a brief of the evidence in connection with its motion for a new trial. This document consisted, so far as it related to the oral testimony, exclusively of questions and answers. As to the greater portion, it was legitimate and proper that it should have been in this form. It would have been impossible to have made a correct and intelligible report of Vandiver's testimony in any other manner, and his examination constituted a considerable portion of the oral evidence. As to the balance of the testimony,

the dialogue form was not essential, but most of the evidence embodied in the brief was material and pertinent.  There were, it is true, some immaterial questions and answers, but the judge certifies that the brief was made up from the official stenographic report of the trial, from which much immaterial matter had been eliminated; and that in his opinion the efforts of counsel to make a legal brief sufficiently complied with the requirements of the law to render proper his approval of it as such.  Our conclusion is, that, under the facts recited, and in view of the provisions of section 5488 of the Civil Code, the judge did not err in declining to revoke his approval of this brief of evidence.  It was by no means a perfect brief.  It did, however, though entirely in dialogue form, approximate more nearly to being in a true sense a brief of evidence than ninety-five out of every hundred so-called briefs of evidence that are brought to this court.  We will not, in a proper case, hesitate to sustain an exception to a refusal by a judge to cancel his approval of an alleged brief of evidence, when it can not be fairly considered a legal one.  But we do not care to make counsel who has succeeded as well in making a brief as our brother Featherston did in this instance the first victim of a strict enforcement of this rule.  We will, however, take this occasion to once more remind our brethren of the bar, that the practice of bringing here as briefs of evidence voluminous documents, filled with repetitions, and overloaded with all manner of immaterial things, greatly and unnecessarily adds to the burden of our labors, and oftentimes renders it difficult, if not impossible, for us to see a case in its true light.  And we urge our brethren of the trial bench to exercise more care in approving such documents, and to require counsel to eliminate therefrom all that is really unnecessary.  An observance of these suggestions will tend greatly not only toward relieving this court of needless toil, but also toward enabling it to do better and more accurate work.  Whenever it clearly appears that a paper has been approved as a brief of evidence, and a judge adheres to an approval of it improperly granted, we will certainly administer the proper correction.

*Judgment on main bill of exceptions reversed; on cross-bill affirmed.  All the Justices concurring, except Cobb, J., absent.*