## BERG *v.* BAER.

1. Where the respondent in a motion for a new trial "agrees to" a brief of evidence filed by the movant, and the motion is heard on its merits without objection and denied, and where the bill of exceptions sued out by the movant affirmatively recites that this brief of evidence was approved as correct and ordered filed, the writ of error will not be dismissed because such brief does not, in some respects, conform to the law prescribing how briefs of evidence shall be prepared, nor because it does not appear from the transcript of the record that the brief of evidence was filed in due time.
2. Where the owner of an execution issued upon the foreclosure of a mortgage, the lien of which was the oldest and highest upon the property therein described, by his conduct at a judicial sale of this property under a junior execution led another person to honestly believe that the property would be sold free from the lien of the mortgage, and such other person, in this belief and upon the faith thereof, became the purchaser, the holder of the mortgage was estopped from thereafter setting up that the property was sold subject to the lien of the mortgage; and this is true though there was at the sale no public announcement that the purchaser would acquire an unincumbered title.
3. The law of this case, upon its undisputed facts as disclosed by the record, is laid down in the preceding note; and it follows that the verdict was contrary to law and ought to have been set aside.

Argued April 27, — Decided May 26, 1898.

Levy and claim. Before Judge Hart. Jasper superior court. March term, 1897.

*Eric Gambrell* and *Harrison & Bryan*, for plaintiff in error. *R. J. Warren* and *J. D. Kilpatrick*, contra.

LUMPKIN, P. J. 1. There was a motion in the present case to dismiss the writ of error, on the grounds, (1) that what purported to be a brief of the evidence was not prepared in the manner prescribed by law, and (2) that the transcript of the record failed to disclose that this paper was filed in due time. In our opinion, the motion to dismiss was not well taken. It appears that the brief was agreed upon as correct by counsel for both the movant and the respondent in the motion for a new trial, and the bill of exceptions states affirmatively that this brief was approved by the court and ordered filed. The record also discloses that the motion for a new trial was heard and determined without objection of any kind to the brief of the evidence. In other words, it was, at the hearing, treated by the respondent as coming up to all the legal requirements. In view of these facts, it was too late for him, after the motion for a new trial had been heard upon its merits, to raise any question as to the form of the brief, or to make complaint that it was not duly filed.

2, 3. Baer was the owner of a mortgage upon realty, which had been executed by Mrs. Grubbs at a time when the title to the property was in her. This mortgage had been duly foreclosed and an execution issued thereon. Some time after executing the mortgage, Mrs. Grubbs conveyed the land to D. M., J. J., J. M. and W. A. Langston, who took with notice of Baer's mortgage and subject thereto. Indeed, they assumed payment of the mortgage and indorsed the notes of Mrs. Grubbs to Baer thereby secured. They gave her other notes for the balance due to her upon the land, and she indorsed and transferred these notes to Berg, who obtained, for the use of Rosa M. Berg, a general judgment thereon against the Langstons. The land was sold by the sheriff under an execution issued upon this judgment. Before the sale took place, Baer, acting through his attorney, placed his mortgage execution in the hands of the

sheriff for the purpose of claiming in satisfaction thereof so much as would be necessary for this purpose of the proceeds of the sale which the officer was about to make under the junior execution in favor of Mrs. Berg. The officer was also expressly directed by Baer's attorney to hold up a sufficiency of the money realized, to satisfy the mortgage. The sheriff informed Berg, who was acting as agent for Mrs. Berg, of these facts, and, in effect, assured him that the land would be sold free from the lien of Baer's mortgage. Acting upon the faith of this information and assurance, Berg, as such agent, became the purchaser at the sale, and the sheriff conveyed the land to Mrs. Berg. Subsequently Baer, following up his purpose to claim enough of the proceeds of this sale to satisfy his mortgage execution, brought a rule against the sheriff, seeking thereby to compel the officer to settle his execution out of the money which Berg had paid for the property. The sheriff answered the rule, and, among other things, set up that Mrs. Berg claimed the fund in controversy. A verdict was rendered, finding that the money in the sheriff's hands belonged to the latter; judgment was entered accordingly, and no exception thereto was taken by Baer. After the rule against the sheriff had been disposed of in the manner above stated, Baer caused his mortgage execution to be levied upon the same land; a claim was interposed by Mrs. Berg, and upon the issue thus made the property was found subject. She thereupon made a motion for a new trial, which was overruled, and she brought the case here for review.

Upon the facts above recited, the verdict in the claim case was manifestly contrary to law, and ought to be set aside. The motion for a new trial contains several grounds, which need not be set forth in detail, because, upon the material facts, as to which there is no dispute, this land can not, in our opinion, be subjected to the satisfaction of Baer's execution. The case, in a nutshell, is this: Baer had the oldest and best lien upon the property. He might have allowed the land to be sold subject to the lien of his mortgage, and, at any time thereafter, have enforced his lien by another levy and sale. He did not, however, choose to pursue this course. On the contrary, he elected to allow the land to be sold free from the lien of his mortgage.

He so informed the sheriff, placed his execution in the officer's hands, and directed him to hold up the money realized from the sale, in order that it might be first applied to the satisfaction of his claim.    The officer disclosed to Berg what had occurred between himself and Baer, and assured Berg that the land would be sold free from the incumbrance of Baer's mortgage.    Berg bought for his wife on the faith of this assurance, and under the circumstances had the right to do so; for Baer's conduct warranted the officer in giving to Berg the information on which he acted.    Baer subsequently even went so far as to ratify the sale as made; for he pursued the fund in the officer's hands by instituting against him a rule.    Under all these circumstances, we hold that Berg's purchase for Mrs. Berg was free from the lien of Baer's mortgage, and that the latter is estopped from setting up the contrary.    It makes no difference that the sheriff did not publicly announce he was about to sell an unincumbered title.    What he told Berg was in effect an announcement to him that the purchaser would get such a title; and this ought to protect Mrs. Berg.    It may be that Baer ought to have prevailed in the case wherein he ruled the officer; but the merits of that case are not now before the court, and whether the judgment therein was right or wrong, Baer acquiesced in it by failing to except thereto.    This being so, he can not be permitted, at this late day, to entirely change his front, and claim satisfaction of his execution out of the land itself simply because he was not successful in pursuing the proceeds resulting from its sale.        *Judgment reversed.    All the Justices concurring.*