## PRICE *v.* HIGH & COMPANY.

What purports to be a brief of evidence in this case, being extensively interspersed with statements and arguments of counsel and colloquies between counsel and the court and between counsel, and also with statements of the stenographer and by the court, none of which in anywise throws any light upon the testimony in the case, does not constitute such

108  145
110  279
110  307
f110 479
111  653
111  859
108  145
113  259
113  1142
108  145
119  349|1
108  145
123  742
108  145
f127  544

a brief of evidence as is required by law. The only error complained of is that the court erred in directing a verdict for the plaintiff, and the judgment of the court below must, therefore, be affirmed, as this court will not consider such an alleged brief of evidence and can not without so doing determine whether or not the court erred in its direction of the verdict.

Argued May 26,—Decided July 20, 1899.

Practice in the Supreme Court.

*W. P. Andrews* and *T. P. Westmoreland,* for plaintiff in error. *Arnold & Arnold* and *W. T. Moyers,* contra.

SIMMONS, C. J.   The number of cases brought to this court for review has been increasing for many years.   The number on the dockets for the October term, 1898, and the March term, 1899, shows no diminution, but an increase over any other two consecutive terms in the history of the court.   The constitution of the State requires this court to decide every case brought here at the first or the second term.   In order to decide them properly it is absolutely necessary for the court to read the records and thus become familiar with the evidence and the questions made in the cases.   More than nine hundred cases, civil and criminal, have been brought to these last two terms of the court, and it was necessary for us to read the records in nearly all of these cases.   To do so takes much time and study.   This court many years ago advised and even importuned counsel to make briefs of evidence which included only the material facts in the cases.   Counsel failed to heed the request made by the court, and the General Assembly, by the act of 1889, prescribed how a brief of evidence should be made up.   It declared that a brief of evidence should be "a condensed and succinct brief of the material portions of the oral testimony, including a similar brief of interrogatories read on the trial.   In such brief there shall be included the substance of all material portions of all documentary evidence."   Civil Code, § 5488.   Counsel still failed to obey not only the mandate of this court but of the General Assembly, and continued to file briefs which included everything said and done in the trial of the cases, whether material or immaterial.   Questions of counsel and the answers of the witness, colloquies between the counsel and the court and

between the counsel on the one side and the other, were included; and this court, for its own protection and in accordance with the act above referred to, announced in numerous instances the rule that it would not look at or scrutinize a brief of evidence so made, but would take it for granted that the verdict was right. Some of the many decisions made before and after the passage of this act are: *Chambers* v. *Walker*, 80 *Ga.* 644; *Wiggins* v. *Norton*, 83 *Ga.* 148; *Tate* v. *Griffith*, Id. 153; *Mehaffey* v. *Hambrick*, Id. 597; *Brown* v. *Moore*, Id. 605; *Bowe* v. *Gress Lumber Co.*, 86 *Ga.* 17, 21; *Stubbs* v. *State*, Id. 773; *Ryan* v. *Kingsbery*, 88 *Ga.* 361; *Price* v. *Bell*, Id. 740; *Hart* v. *Respess*, 89 *Ga.* 87; *Porter* v. *State*, Id. 422; *Rutland* v. *State*, 90 *Ga.* 102; *Harris* v. *McArthur*, Id. 216, 217; *Cooper* v. *Whaley*, Id. 285; *Huff* v. *State*, 91 *Ga.* 5; *Farmers Alliance Exchange* v. *Crown Cotton Mills*, Id. 178; *Cash* v. *Lowry*, Id. 197; *Roberts* v. *State*, 92 *Ga.* 451; *Whigham* v. *Davis*, Id. 574; *Lester* v. *Equitable Mortgage Co.*, Id. 576; *Horne* v. *Seisel*, Id. 685; *Smith* v. *Ray*, 93 *Ga.* 253; *Dawson* v. *Briscoe*, 94 *Ga.* 723; *Gate City Gas-Light Co.* v. *Farley*, 95 *Ga.* 797; *Ingram* v. *Clarke*, 96 *Ga.* 777; *Hitchcock* v. *Latham*, 97 *Ga.* 253; *Williams* v. *Cheatham*, Id. 341; *Batchelor* v. *Batchelor*, Id. 425; *Swift* v. *Van Dyke*, 98 *Ga.* 726; *Augusta Southern R. Co.* v. *Williams*, 99 *Ga.* 75; *Witt Shoe Co.* v. *Bordeaux*, Id. 144; *Dickey* v. *Ga. & Ala. Ry. Co.*, Id. 244; *Smith* v. *Ga. Warehouse Co.*, Id. 131; *Southern Bkg. & Trust Co.* v. *Farmers & Merchants Bank*, Id. 635; *Henslee* v. *Henslee*, 102 *Ga.* 554; *Moss* v. *Birch*, Id. 556; *Jones* v. *West View Cemetery*, 103 *Ga.* 560; *Merchants National Bank* v. *Vandiver*, 104 *Ga.* 168; *Henson* v. *Derrick*, Id. 856.

With a full knowledge of these cases, counsel still adhered to the practice of failing to brief the evidence as required by law. Some persisted in presenting for the approval of the court below the full stenographic report of questions and answers and colloquies of the court and counsel. Others pretended to comply with the code by simply striking out the questions of counsel and leaving the answers without any explanation, so that some of them were entirely unintelligible. In these so-called briefs of evidence fact after fact is stated and reiterated time after time. One immaterial fact is stated over

and over again by a witness, and frequently a material fact is repeated many times in the brief of evidence. We are aware that in the trial of a case it is frequently necessary, in the examination and cross-examination of witnesses, to ask many questions which when answered are found to be immaterial, but all such questions and answers should be excluded from the brief of evidence, because they throw no light upon the questions at issue, although the propounder of the question may have sought an answer different from that given. When he failed in his object, there was no reason or sense in encumbering the record with such questions or answers. Some cases have been brought to this court in which counsel put the whole brief of evidence in the bill of exceptions and then specified it as a part of the record. All these matters have been dealt with in some of the cases above cited; yet, with all these before the profession, some of them still fail to make such briefs as the law requires. The case now under consideration is a notable example in its disregard of the rules of this court and of the law in regard to making briefs of evidence. This record contains the objections made by counsel to the admission of testimony, the speeches of counsel thereon, colloquies between counsel and court, and the opening address of one of counsel to the jury, and is interspersed with colloquies between the counsel themselves and between them and the court. At the conclusion of the so-called brief is a statement of the arguments of counsel on the motion made to the court to direct a verdict. As was said in the case of *Wiggins* v. *Norton*, 83 *Ga.* 148, this court is willing to do all in its power to decide cases properly, but is not willing to devote time to reading such a brief of evidence as this one, when that time could be devoted to other cases properly brought here. We say now, as we said then, that we will not consider any case where it depends solely upon the evidence and that evidence is not briefed according to law. Of course, if points of law are made in the record which could be decided without reference to the evidence, we will decide them, as we have always done since the act of 1889. Many cases, however, are to be found where the points of law have been decided and the court has then declined to look into the evidence

where the latter had not been properly briefed. Counsel, in preparing their records for this court, should take into consideration the enormous amount of work placed upon this court by the constantly increasing number of cases, and should endeavor to lighten this labor by making their briefs condensed and succinct statements of the evidence, placing therein only the material evidence and omitting all the trash that accumulates in the trial in the lower court. We are certain that if counsel would consider these facts and pay attention themselves to the making up of the briefs of evidence, not leaving it entirely to stenographers and clerks, we would be relieved of the necessity of considering a great mass of immaterial and irrelevant matter. It seems to us that many cases are brought here with the full stenographic report, merely reduced to narrative form, when, if counsel who understood the case would undertake to do so, the so-called briefs of one hundred pages could be reduced and condensed to ten or twelve pages. But it is said that counsel on the opposite side will agree to nothing but the stenographic report, and that the court will approve no brief except one written in full from the stenographer's notes. In reply to this we wish to announce again, as we have upon other occasions, that the law does not require the approval of the brief of evidence by opposing counsel. He has nothing to do with it. The law requires the brief to be approved by the trial judge only. It may be necessary for him to have the full stenographic report written out, in order to ascertain whether the material evidence is all embraced in the brief of evidence presented to him. This he can require. *Central R. Co.* v. *Robertson*, 92 *Ga.* 741. If a brief of evidence containing only the material facts should be presented to a trial judge and he refuse to approve it, a bill of exceptions would lie to this refusal.

Since this case was decided, a motion for a rehearing has been made. The case of *Berg* v. *Baer*, 104 *Ga.* 587, was cited and relied on in the application as authority for granting a rehearing and reinstating the case so that it might be decided upon its merits. That case differs materially from this. It there appeared that the counsel for defendant in error agreed to the brief of evidence and appeared and argued the motion for

new trial without objection to the brief of evidence before the court below. Then, when the case reached this court, the same counsel moved to dismiss the writ of error, on the ground that the brief had not been prepared according to law and had not been filed in time. This court held that he was too late in making his motion; in other words, that he was estopped to object here to the brief after he had agreed to it and had made no motion to correct it in the court below; and we might have added, in accordance with numerous rulings of this court, that it was not a good ground for a dismissal of the writ of error. This court has held uniformly that it would not dismiss a writ of error on account of a defect in the brief of evidence, if there was any point in the bill of exceptions which could be decided without reference to the brief. Generally it has also held that where there was nothing to consider but the evidence and the brief was not prepared according to law, the presumption was that there was evidence to sustain the verdict or ruling, and has in such cases affirmed the judgment of the lower court. There may be a few cases where by inadvertence a judgment of dismissal was entered instead of one of affirmance, the effect in either event being to affirm the judgment of the lower court. The case now under consideration is not one in which a motion for a new trial was made, but a direct bill of exceptions to the ruling of the court in directing a verdict. As above stated, it was not necessary to obtain the agreement of opposite counsel to the correctness of the brief of evidence. Counsel for the plaintiff in error could have eliminated all immaterial matter that occurred upon the trial and presented to the trial judge a plain, condensed, and succinct statement of the evidence and had him to approve it. They failed to do this, and this court, of its own motion, refused to consider the evidence as it was incorporated in the bill of exceptions, for the reason that it contained much immaterial matter such as described in the headnote. It was further urged that the brief of evidence set out in this bill of exceptions was approved by the trial judge, and it was intimated that this court was bound by such approval. We dissent entirely from this intimation. The code declares what a brief of evidence shall con-

tain and how it shall be prepared, and we think that the approval of evidence by the trial judge, when the brief is an improper one, can not make it a lawful brief contrary to the provisions of the code. "Such a document as we are reviewing is not a brief of evidence, nor can the decision of any court make it one except in name. Were we to pronounce it a brief, our judgment would be a legal lie." *Mehaffey* v. *Hambrick*, supra. This is especially true in a case like the present, where no motion for a new trial was made, and the opposite counsel had no opportunity to object before the lower court to the brief prepared. Opposite counsel had no right to ask the trial judge to revoke his approval after he had certified the bill of exceptions, for the judge had no power to grant such a revocation. We carefully examined this motion for a rehearing, and after much reflection were satisfied with the original judgment refusing to consider the brief of evidence. We therefore declined to grant the rehearing.

*Judgment affirmed. All the Justices concurring.*