## VARN *v.* CHAPMAN.

HILL, J. 1. On the trial of a suit brought by a surety on certain promissory notes against a cosurety who was alleged to have fraudulently conveyed by voluntary deed to his wife and children his property in order to defeat his creditors in the collection of their debts, where it was alleged also that the principal on the notes was insolvent, and the purpose of the suit was to require the cosurety to contribute to the payment of the notes, and to subject the property so conveyed by him, it was not error to admit in evidence the notes signed by the cosureties, and which had been paid off by the plaintiff surety, even though the notes bore date subsequent to the date of the deed referred to. Especially is this so where the voluntary deed purported to have been executed on October 27, 1906, and the note tendered in evidence was executed on March 2, 1907, but the deed was not filed for record until May 3, 1907. The notes, which were produced by the plaintiff and showed a transfer to him, were admissible as throwing light on the question as to whether the deed was fraudulent, and also as tending to show that the notes had been paid off by the surety who was seeking contribution from his cosurety and a special judgment against the property conveyed by the voluntary deed.

2. Plaintiff's counsel sought to prove the amounts paid on the notes sued on, by propounding to the plaintiff the following questions and eliciting the answers following each question, to wit: "Q. That petition filed here was read to and sworn to by you? A. Yes. Q. Does that set out the correct amount you paid? A. Yes." The allowance of this method of proving the amounts paid by the plaintiff on the notes, whether erroneous or not, under the facts of this case and the objection made, will not require a new trial.

3. It was not error to admit the evidence of a witness to prove the substantive fact that one note was given in lieu of another; and such evidence is not open to the objection that the original note must be produced. *Merchants National Bank* v. *Vandiver,* 104 *Ga.* 165 (30 S. E. 650). The evidence objected to was relevant as throwing light on the question of the fraudulent intent of the defendant in voluntarily conveying the property in controversy to his wife and children.

4. It was not error to permit a witness to testify for the plaintiff, over the objection of defendant's counsel, as follows: "There was an understanding in our trade and growing out of it that he was to assume any obligation I might have had. I sold the stock to him with the understanding that he was to assume the indebtedness so far as I was concerned with the bank. That was in 1906, in August or September, and there was an indebtedness upon my part in connection with the Hazlehurst Mercantile Company to the bank." This evidence is not open to the objection that it was a conclusion and gave no specific facts, and that the indebtedness of the witness to the bank could not be pleaded by the plaintiff against the defendant, on the ground that the contract testified about, in order to be binding, must have been in writing. This evidence was relevant as tending to show the defendant's financial condition in 1906 before the voluntary deed of conveyance was executed by him.

5. The evidence authorized the finding in favor of the plaintiff.

*Judgment affirmed. All the Justices concur.*

ATKINSON, J., specially concurring. A method of proving the amounts paid by the plaintiff on the notes as referred to in the second headnote involved the asking of leading questions, but was not otherwise erroneous. The particular facts of the case do not affect the question.

AUGUST 18, 1914.

Attachment. Before Judge Conyers. Jeff Davis superior court. May 10, 1913.

G. W. Chapman sued out an attachment, under the fraudulent debtor's act, against A. B. Varn, alleging an indebtedness of $1,-830.53 upon certain notes described in the declaration in attachment, and that the defendant Varn was conveying and concealing his property liable to the payment of his debts, for the purpose of evading their payment. The attachment was levied upon certain lands within the City of Hazlehurst. At the next term of the superior court the plaintiff filed his declaration in attachment, and the defendant filed a traverse to the grounds of attachment. At a subsequent term of the court the defendant filed a plea to the jurisdiction, averring that he was not a resident of Jeff Davis county, but was a resident of Appling county. At the February term, 1913, of the superior court of Jeff Davis county a verdict was rendered, finding the lands levied upon subject for the amount of $1,830.53. Judgment was rendered against the lands levied upon, for the amount found by the jury to be due the plaintiff. The judgment also directed the sale of the lands levied upon, and the application of the proceeds arising from such sale to the payment of the verdict and judgment. A motion for a new trial being denied, the defendant excepted.

*W. W. Bennett,* for plaintiff in error. *F. Willis Dart,* contra.