## 10220.   MAULDIN v. THE STATE.

1. The exception on the ground that the court failed to give to the jury
   an instruction, not requested, "that the defendant enters upon his trial
   with the presumption of innocence in his favor, and that this presump-
   tion remains with him, in the nature of evidence, until rebutted by
   proof satisfying the jury of his guilt to the exclusion of a reasonable
   doubt," is without merit, in view of instructions given as to the burden
   on the State to satisfy the jury, beyond a reasonable doubt, of the de-
   fendant's guilt, "in order to overcome the presumption that he is
   innocent."

2. The instructions complained of are not subject to the exceptions taken,
   when considered in connection with the remainder of the charge of
   the court.

3. There was evidence to support the verdict.

   DECIDED APRIL 12, 1919.   REHEARING DENIED APRIL 22, 1919.

Indictment for robbery; from Fulton superior court—Judge Hill.
October 25, 1918.

*H. A. Allen, W. I. Heyward,* for plaintiff in error, cited: *Butts
v. State,* 13 *Ga. App.* 274; *Reddick* v. *State,* 11 *Ga. App.* 150;
*Thurman* v. *State,* 14 *Ga. App.* 543; *Gardner* v. *State,* 17 *Ga. App.*
410; Coffin v. State, 156 U. S. 432, 458.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra, cited:
*Middleton* v. *State,* 7 *Ga. App.* 1 (2).

BLOODWORTH, J.   1.   In the motion for a new trial in this case
it is insisted that "the court failed to instruct the jury, in his
charge, that the defendant enters upon his trial with the pre-
sumption of innocence in his favor, and that this presumption
remains with him, in the nature of evidence, until rebutted by
proof satisfying the jury of his guilt to the exclusion of a reasonable
doubt." The court did charge the jury that "Clarence Mauldin
pleads not guilty, and that puts upon the State the burden of
proving his guilt, and satisfying your judgments beyond a reason-
able doubt that he is guilty of this charge, in order to overcome
the presumption that he is innocent, before you could find a
verdict of guilty. . . If you have a reasonable doubt about
any material evidence, as stated to you, a doubt which leaves your
minds unsettled and unsatisfied, and you would not be willing to
act upon in the most serious concerns of life which affected you
personally, you will find him out guilty. . . If you have a
reasonable doubt growing out of the evidence, the defendant's state-
ment, or want of evidence, you should give the defendant the bene-
fit of that doubt, and the form of your verdict would be, 'We, the

jury, find the defendant, Charles Mauldin, not guilty.' " In addition to the above the court told the jury more than once that before they would be authorized to convict the defendant they must be satisfied of his guilt beyond a reasonable doubt. In *Reddick* v. *State,* 11 *Ga. App.* 150 (74 S. E. 901), it was held: "It is error to fail to charge the jury in a criminal case substantially to the effect that the defendant enters upon his trial with the presumption of innocence in his favor, and that this presumption of innocence remains with him throughout the trial and until his guilt is established by proof." In *Thomas* v. *State,* 129 *Ga.* 419 (4) (59 S. E. 246), it was held: "An explicit and comprehensive charge on the subject of reasonable doubt, wherein the jury are instructed in effect that if after considering the entire case they should have a reasonable doubt of the defendant's guilt it is their duty to acquit, sufficiently informs the jury that the burden is on the State to prove the defendant's guilt." In view of the above rulings there was no merit in this assignment of error. The charge in the instant case meets the requirements of the law as stated in the *Reddick* case, supra. See also *Watts* v. *State,* 20 *Ga. App.* 182 (2) (92 S. E. 966); *Pritchett* v. *State,* 18 *Ga. App* 737 (90 S. E. 492); *Webb* v. *State,* 11 *Ga. App.* 850, 852 (76 S. E. 990)

2. When considered in connection with the entire charge, there is no error in any of the other special grounds of the motion for new trial.

3. There is evidence to support the verdict, and the motion for new trial was properly overruled.

*Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*