Affirmed. <i>Broyles, C. J., and Bloodworth, J., concur.</i>

FINCH <i>v.</i> THE STATE.

1. The first special ground of the motion for a new trial is expressly abandoned in the brief of counsel for the plaintiff in error.
2. In the absence of a timely and appropriate written request, the court did not err in failing to charge the jury specifically that the burden was on the State to establish the guilt of the defendant beyond a reasonable doubt. The charge of the court on the subject of a reasonable doubt sufficiently informed the jury that that burden was on the State. *Thomas* v. *State*, 129 *Ga.* 419 (4), (59 S. E. 246).
3. The charge on the subject of alibi contained no material error.
4. In a criminal case it is error for the judge, even in the absence of a timely and appropriate written request, to fail to charge the jury *substantially to the effect* that the defendant enters upon his trial with the presumption of innocence in his favor, and that this presumption of innocence remains with him throughout the trial until his guilt is established by proof. *Gardner* v. *State*, 17 *Ga. App.* 410 (87 S. E. 150), and cases cited. In ˉthe instant case the court erred in failing to charge the jury substantially to the above effect, and, under all the facts of the case, this error requires a new trial.

DECIDED NOVEMBER 4, 1919.

Indictment for sale of intoxicating liquor; from Clarke superior court—Judge Cobb. June 20, 1919.

*Lamar C. Rucker, Austin Bell,* for plaintiff in error.

*W. O. Dean, solicitor-general,* contra.

BROYLES, C. J. The 4th headnote alone needs elaboration. The holding there is not in conflict with the ruling in *Roberts* v. *State,* 92 *Ga.* 451 (17 S. E. 262), which is as follows: "Alleged errors in 'failing to charge as to the legal presumption of innocence,'

and in 'failing to explain the legal meaning of reasonable doubt,' there being no proper requests to charge on these subjects; in 'making the charge in argumentative form,' without stating how; in withdrawing or admitting evidence, without plainly and distinctly setting forth what the evidence was; in 'expressing an opinion as to the effect of certain documentary evidence' without stating what the expression was, and other like assignments of error, are too vague, indefinite and uncertain to be considered, and afford no cause for a new trial." In our opinion the Supreme Court there, notwithstanding the clauses, "there being no proper requests to charge on these subjects," and "and afford no cause for a new trial," did not intend to pass upon the merits of the assignments of error, but merely intended to hold that they were so fatally defective in form (in that they were "too vague, indefinite and uncertain to be considered") that the assignments of error were not reviewable by the Supreme Court, and *therefore* afforded no ground for a new trial. We are strengthened in this view by an examination of the original record in the *Roberts* case, of file in the office of the clerk of the Supreme Court, which shows that the particular assignment of error now being considered was merely as follows: "Because the court erred in failing to charge the jury as to the legal presumption of innocence." In the instant case the assignment of error was: "Because the court erred in failing to charge the jury that the defendant entered upon the trial with the presumption of innocence in her favor, and that that presumption remained with her throughout the trial until her guilt was established by proof." Nor is the present ruling in conflict with the decision of this court in *Mauldin* v. *State, 23 Ga. App.* 537 (99 S. E. 50). In that case the same omission in the charge of the court as is now under review was excepted to, and it was there held, in substance, that the failure of the court to specifically so charge was not error, since the principle of the law was substantially and sufficiently given by the explicit and comprehensive charge on the subject of reasonable doubt, together with the further charge that "Clarence Mauldin [the defendant] pleads not guilty, and that puts upon the State the burden of proving his guilt, and satisfying your judgment beyond a reasonable doubt that he is guilty of that charge, *in order to overcome the presumption that he is innocent,* before you could find a verdict of guilty." (Italics ours.)

The charge in the instant case did not contain any specific reference whatever to the subject of the presumption of innocence; and the instructions given upon the subject of reasonable doubt were not alone sufficient to meet the requirements of the law. "Even Homer sometimes nods," and we think in this instance the learned and upright trial judge committed reversible error, and that another trial of the case is required. We have reached this conclusion the less reluctantly because of the fact that the great preponderance of the evidence was in favor of the defendant, and the evidence which authorized her conviction was slight and unsatisfactory.

> *Judgment reversed. Luke and Bloodworth, JJ., concur.*