### BROUGHTON v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES.

### No. 7324.

Circuit Court of Appeals, Fifth Circuit.
July 6, 1934.

F. M. Hudson and George C. Simpson, both of Miami, Fla., for appellant.

Joseph F. McPherson and Louis S. Bonsteel, both of Miami, Fla., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought suit to recover on a policy of life insurance issued by appellee to her husband, James W. Broughton, in the sum of $5,000. Error is assigned to the direction of a verdict for defendant. Other errors assigned are abandoned.

The material facts are not in dispute. It appears that the policy lapsed for failure to pay a quarterly premium of $16.45 due on August 8, 1931. The policy contained the usual provision for a grace of thirty-one days for the payment of premiums. On October 5, 1931, after the grace period had expired, the insured wrote to Edward A. Woods Company, general agent of appellee at Pittsburgh, Pa., where the policy had been issued, stating that by oversight he had neglected to pay the premium due on August 8th, and inclosed a check for $17.45. The policy contained the following provision as to reinstatement: "If this policy shall lapse in consequence of non-payment of any premium when due, it may be reinstated at any time upon the production of evidence of insurability satisfactory to the Society, and the payment of all overdue premiums, with interest at 5% per annum. * * *"

The agent cashed the check and the proceeds were held in a suspense account. On October 9, 1931, the agent wrote to Broughton inclosing a receipt for the money and a form of application for reinstatement which included a health declaration and advised him that a satisfactory health declaration was required for reinstatement of his policy. Broughton executed the application and returned it. He did nothing further.

The receipt and the application for reinstatement and health certificate were as follows:

"The Equitable Life Assurance Society of the United States, 393 Seventh Avenue, New York City. Agency at Pittsburgh, Pa. 10/8/1931 Received from James W. Broughton, Seventeen & 45/100......Dollars ($17.45). Offered for A/c Q. prem. due 1931-8-8. Pol. 3946,638. Subject to Restoration by Society. Said sum is received only for transmission to the Home Office of the Society in New York for the account of the depositor, and the Society is in no way committed thereby to the acceptance thereof for the purpose offered nor to any action in the premises, and nothing herein or connected with the receipt of said sum shall be held to waive any default in payment of any premium, interest or other sum due, or to extend the time for payment of any premium, interest or other sum, or in any manner to affect the rights of the Society under any policy or contract of insurance or otherwise. If the said amount be not accepted by the Society for the purpose offered, it will be returned to the depositor upon demand.

"The Edward A. Woods Company
                        W. Cashier"

"Request for Reinstatement of Policy to the Equitable Life Assurance Society of the United States

I, .........James W. Broughton....of ................  ..............
    (City or Town)          (County)

"hereby apply for the Reinstatement of Policy No. 3946,638 issued by the said Society upon my life and now lapsed because of the non-payment of premium due on the 8th day of August, 1931. (Date)

"I hereby certify that I am in good health; that except as stated below, I have had no illness, have not consulted any physician or practitioner, have not been a patient in any hospital or sanitarium, and that there has been no change in the health record of my family, since the issuance of the policy.

"I hereby agree that if the above numbered policy is reinstated by the Society, such reinstatement shall be based upon the good faith of this declaration, which is personally signed by me; and that the reinstatement if granted shall not take effect until all premiums in arrears, with interest, have been duly paid during my continued good health.

"Note here any exceptions, including dates and complete details.

"Dated at Minneapolis, Minn. Oct. 12, 1931. B. I. 419-29-2.

"(Signature of Insured)
                    "James W. Broughton."

Broughton died November 17, 1931. Appellant promptly notified the company of his death. The company declined payment and sent its check to return the amount Broughton had paid. It was received but not cashed and later the amount was tendered in court.

The pleadings are voluminous with many pleas to the declaration, replications to the pleas, and demurrers to both but the issues are sufficiently clear. The theory of appellant is that the check in payment of the overdue premium was received subject to the execution of a health certificate on the form sent to Broughton; that when he executed this certificate and returned it he had nothing further to do; that he was led to believe that

his policy had been reinstated; and that the company was estopped to deny reinstatement. Appellee set up the defense that the health certificate was not accepted as satisfactory evidence of good health and Broughton was notified that he would have to submit satisfactory evidence based on examination by a physician.

After the policy lapsed, the insured was not entitled to have it reinstated by merely executing a health certificate, although on a form sent him for that purpose, and tendering the premium. The contract plainly provided that the evidence of good health should be satisfactory to the company. Until evidence of insurability was furnished and accepted the policy was not reinstated. The receipt given him for the check he had tendered in payment clearly indicated that the money was received tentatively to be held in trust until he should comply with the provisions of the policy. There was nothing in the previous course of business between the parties nor in the receipt or application for reinstatement that could lead a reasonable man to believe that the provision of the policy requiring that the evidence of insurability should be satisfactory to the company would be waived. The case of Hartford Life & A. Ins. Co. v. Unsell, 144 U. S. 439, 12 S. Ct. 671, 36 L. Ed. 496, relied upon by appellant, is not in point. Cf., Thompson v. Knickerbocker Life Ins. Co., 104 U. S. 252, 26 L. Ed. 765, therein cited. Estoppel is not shown.

The situation presented was practically the same as if the company had denied issuing the policy. The reinstatement of the policy was in effect a new contract. The burden was on plaintiff to prove that everything necessary to reinstate the policy had been done by the assured before there could be a recovery upon it. This included proof that the health certificate furnished had been accepted as satisfactory evidence of insurability and the check sent had been credited to payment of the overdue premium. Appellant failed to sustain this burden. This conclusion finds support in the following well-considered cases. Kennedy v. Grand Fraternity, 36 Mont. 325, 92 P. 971, 25 L. R. A. (N. S.) 78; Equitable Life Assurance Society of United States v. Pettid, 40 Ariz. 239, 11 P.(2d) 833; Rome Industrial Ins. Co. v. Eidson, 142 Ga. 253, 82 S. E. 641; Lane v. Fidelity Mut. Life Ins. Co., 142 N. C. 55, 54 S. E. 854, 115 Am. St. Rep. 729.

The record presents no reversible error. Affirmed.