## DEENEY v. ÆTNA LIFE INS. CO.

### No. 6100.

Circuit Court of Appeals, Third Circuit.

Feb. 23, 1937.

Gottlieb & Dennis, J. Herman Kahn, and Harry D. Gottlieb, all of Philadelphia, Pa., for appellant.

Paul Reilly, of Philadelphia, Pa., for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and MARIS, District Judge.

BUFFINGTON, Circuit Judge.

In this case it appears that Alice Deeney, the beneficiary in a policy issued on the life of her deceased husband, brought suit thereon against the Ætna Life Insurance Company. The facts were not in dispute, but the case was submitted to the jury on the theory that diverse inferences could be drawn therefrom. The jury found in favor of Ætna and, on entry of judgment, plaintiff took this appeal. In denying a motion for a new trial, the trial judge correctly stated the facts and his view of the controlling law as follows:

"The policy lapsed on January 16, 1931. It contained a provision that within five years after lapse it might be reinstated 'upon evidence of insurability satisfactory to the company and by payment of arrears of premiums with interest,' etc.

"Sometime early in August, 1931, Mrs. Deeney, the insured's wife who was also the beneficiary who is the plaintiff here, went to the office of the company's general agent in Reading and obtained a blank form of application for reinstatement. Her husband filled in the answers to the questions and signed it. A number of the answers related to his health and in signing he certified, among other things, that he had had no illness nor accident since the original issuance of the policy, was in sound health and had not consulted a physician since that time. The application when offered in evidence also included a recommendation addressed to the company by the agent that the policy be reinstated and a statement that the agent had no information relating to the insured's health, etc., which might affect the decision of the company, though it does not appear just when this was added.

"On August 15, 1931, Mrs. Deeney at the instance and request of her husband sent the application to the general agent's office accompanied by her own check for the arrears of premiums with interest and a note as follows:

" 'Gentlemen:
" 'Please forward receipt to Mrs. C. L. Deeney, 743 E. Broad Street, Tamaqua, Pa. Care of Mr. E. W. Yetten.
" 'Sincerely,
" 'Mrs. C. L. Deeney'

"Thereafter, so far as appears from the evidence, neither the wife, the husband nor the company itself (as distinguished from its general agent in Reading) did or said anything in connection with the reinstatement of the policy.

"The agent received the check, endorsed it 'Aetna Life Insurance Company—Agency Account' and deposited it in a trust account kept by the agency. The money never got into the general funds of the company.

"Upon receipt of the check and application on August 18th the agent wrote Mrs. Deeney as follows:

" 'Dear Mrs. Deeney:
" 'Receipt of your husband's application for the reinstatement of his policy as above numbered is acknowledged. It is having our attention, going forward to the Home Office today for their consideration.

" 'We hereby acknowledge receipt of the payment of $152.00 which we are holding subject to your order pending the Company's decision in the matter of reinstatement of the policy issued to your husband, No.

N-688,009. Such payment will be returned to you in event reinstatement is not approved by the Company.

 " 'Very truly yours,
  " 'D. E. Pursell and Sons,
   " 'General Agents.'

"On August 25th the agent wrote to her again as follows:

" 'Dear Mrs. Deeney:

 " 'Our Company is asking for a medical examination of your husband for their consideration in connection with the reinstatement of his policy which you recently submitted. The examination must be made by one of our regular examiners on a blank furnished by the Company. Do you think you can manage it? If so, we will forward paper and instructions.

 " 'Very truly yours,
  " 'D. E. Pursell and Sons,
   " 'General Agents.'

"On September 24th they wrote:

" 'Dear Mrs. Deeney:

 " 'Kindly advise whether we are to expect the medical examination of your husband requested by the Company in their consideration of his application for reinstatement and about which we wrote you under date of August 25th. If not, we wish to refund your payment and close the file.

 " 'Very truly yours,
  " 'D. E. Pursell and Sons,
   " 'General Agents.'

"On October 9th the agent wrote as follows, sending their own check for the amount sent them by Mrs. Deeney and still being held in trust account with the letter:

" 'Dear Mrs. Deeney:

 " 'Since you appear to be unsuccessful in securing the requested examination of your husband, so that our Company can give further consideration to his application for reinstatement of his policy as above numbered, we refund herewith your payment of $152.00 made last August on account of the over-due premiums.

 " 'Very truly yours,
  " 'D. E. Pursell and Sons,
   " 'General Agents.'

"Mrs. Deeney deposited the agent's check and kept the proceeds.

"There the matter dropped and no one did or said anything further.

"The insured died on January 1, 1933.
* * *

"Various errors have been assigned which relate to the Court's charge and rulings upon matters of law, but, after a careful review of the authorities, I am convinced that if there was any error it lay in not directing a verdict in favor of the defendant.

"The case is squarely ruled by Broughton v. Equitable Life Assurance Society (C. C.A.) 71 F.(2d) 821, which is indistinguishable upon its facts at every material point. If that decision correctly applies the law and I agree that it does, it disposes of this case."

Agreeing as we do with the views of the trial judge, we limit ourselves to affirming on his opinion.