## O'NEILL et al. v. NEW YORK LIFE INS. CO.

### No. 6199.

Circuit Court of Appeals, Third Circuit.

March 10, 1937.

Horace M. Schell, of Philadelphia, Pa., Cyril C. Kilker, of Girardville, Pa., and James A. Dolphin, of Mahanoy, Pa., for appellants.

J. S. Conwell, of Philadelphia, Pa. (Pepper, Bodine, Stokes & Schoch, of Philadelphia, Pa., and Louis H. Cooke, of New York City, of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This was a suit brought by the beneficiaries of two policies of insurance issued by defendant on the life of Margaret O'Neill, and' the sole question involved is whether the policies, which had lapsed on the nonpayment of a premium, had been reinstated by the company.

The pertinent facts, which are undisputed, are thus stated by the trial judge:

"On January 8, 1930, there were delivered to the agent of the defendant at Reading, Pennsylvania, an application for reinstatement and two premium notes. The application contained the insured's own certificate that she was in the same condition of health as when the policies were issued and had had no illness during the two preceding years. It also contained the following: 'If the evidence of my insurability is satisfactory to the Company and it has received all sums the Policy requires to be paid for reinstatement, then, and not until then, said Policy shall be deemed reinstated. If said Policy is not so reinstated, I agree to accept return of all sums paid in connection with this application, without interest.' The two notes were by their terms liens against the policies but were not due until maturity or until an earlier default or surrender. Each contained the statement that it was accepted by the company 'in lieu of cash.' The amount of

each was the amount of the lapsed premium less $72.90,—a reduction due to the fact that credit was allowed for a dividend earned and payable at the time of the lapse.

"The agent sent these papers to the home office where they were received January 9. There was no written acknowledgment of their receipt then, but at an earlier date (January 4th) the agent in sending the notes to Mrs. O'Neill for execution had said in his letter, 'Upon receipt of these notes the matter of reinstatement will be given consideration.'

"The application and notes remained in the home office without any communication from the company to the insured until January 31st, on which date it wrote to its agent at Reading stating that a medical examination would be required. This was communicated to the insured by letter dated February 1, probably reaching her February 2nd. The Court excluded all evidence as to what occurred thereafter, except the fact that the insured died on February 28, 1930, and submitted to the jury the sole question whether the policies of insurance had been reinstated."

But in submitting this question to the jury, the trial judge reserved the point whether the defendant's request for binding instructions should be affirmed. The jury having found for the plaintiffs, on motion of defendant, decided the reserved point in defendant's favor, and entered judgment for it. Whereupon the plaintiffs took this appeal. In so deciding the trial court said:

"In the present case the insured did furnish some evidence. Was it satisfactory to the company, as the policy required that it should be? The burden was upon the plaintiff to show that it was. The question is whether the plaintiff has produced sufficient evidence to meet the burden and make a prima facie case. It is the question which usually arises in reinstatement cases and it is here presented in almost its simplest form. If the plaintiff's evidence be carefully considered it will be seen that it consisted of (1) the application containing evidence of insurability in the form of the insured's own certificate; (2) a tender and conditional acceptance of the equivalent of cash in the amount of the overdue premiums; and (3) the passage of a period of approximately twenty-three days without expression from the company that the evidence submitted was not satisfactory. That was really the whole sum of the plaintiff's case.

"I am of the opinion that this evidence alone is not sufficient to carry to the jury the question whether the company had accepted the insured's health certificate as satisfactory evidence of insurability and waived its undoubted right (which as a matter of fact it did assert) to require a medical examination. There was nothing in the case to indicate that any unusual or unnecessary delay took place. The only evidence upon this point was introduced by the defendant and it simply showed that the regular and usual routine in reinstatement cases was followed in its home office. This testimony was not controverted nor did the plaintiff introduce any evidence as to usual practice with other companies. In this situation, to submit to the jury the question whether an unreasonable time was consumed was to ask them to find whether this insurance company could and should have conducted its vast and complicated business by a more efficient or more expeditious system. * * *

"It is to be remembered that the payment was not cash but a note for the premium less a dividend, the amount of which had to be calculated and checked, that the application appeared on its face to be that of a woman nearly sixty years of age—a matter which might well cause hesitation—that an immense volume of business of this particular kind passes daily through the home office of the company, and that Saturdays and Sundays were not working days. One might guess that a few days might have been saved if other business had been side-tracked and this application given preferred attention, but that does not affect the conclusion that, without some standard or testimony as to the necessities of the business as a guide, no intelligent verdict could be returned upon the reasonableness or unreasonableness of the elapsed time, and that the jury should not have been permitted to take the time element involved and infer from it that the company had elected to consider the evidence of insurability satisfactory and had waived its right to require more."

We agree with that contention. The time the company had the matter under consideration was twenty-three days, of which seventeen were working days. On ten or twelve of these days action was taken in different departments on this reinstatement application.

In Broughton v. Equitable Life Assur. Soc. (C.C.A.) 71 F.(2d) 821, 823, the examination period was thirty-nine days, but the court held: "The burden was on plaintiff to prove that everything necessary to reinstate the policy had been done by the assured before there could be a recovery upon it. This included proof that the health certificate furnished had been accepted as satisfactory evidence of insurability and the check sent had been credited to payment of the overdue premium. Appellant failed to sustain this burden."

After consideration of all questions involved, we are of opinion the court below committed no error, and its judgment is affirmed.