### HARMAN *vs.* STANGE, administratrix, *et al.*

A motion was made to dismiss the bill of exceptions in this case on the ground that the deeds which were attached to the bill of exceptions were not referred to therein, were attached after and separate from the judge's certificate, and in nowise identified as exhibits to the bill, in accordance with the 10th rule of this court. These deeds, whether they constitute a mortgate or absolute title, and especially in view of the transfer or assignment upon one of them by certain administrators of one estate to those of another, are absolutely necessary in order to pass an intelligent judgment in reviewing the decision complained of; and we cannot tell whether they were in evidence or not, or what sort of deeds they were, without the certificate of the judge or some other act of his identifying them. The motion to dismiss must therefore be sustained. See *Taylor vs. Cook et al.*, 51 *Ga.*, 215. We are the less reluctant to dismiss the case, because if he acted upon the evidence as contained in the bill of exceptions certified

to, we should be constrained to affirm the judgment under the ruling in *Kinnebrew vs. McWhorter et al.*, decided at this term. For, conceding that this evidence makes the transaction only an equitable mortgage—that is, that there was an absolute deed with bond to reconvey on payment of money borrowed—then the widow cannot get dower until she has paid, or offered to pay, the principal sum borrowed, with interest thereon. So that, as she has not complied with this rule so laid down in *Kinnebrew vs. McWhorter et al.*, the judgment would have been affirmed; and the dismissing the bill only has the same effect.

JACKSON, Justice.