HORNE *v.* SEISEL *et al.*

Land sold under a general judgment is subject to a mortgage older than the judgment, and may be resold under a later judgment foreclosing that mortgage, but it is not subject to a later general judgment rendered on the mortgage debt; and when there are peculiar equities between a transferee of the last mentioned judgment and a present occupant of the land, to whom he himself had bargained it before the judgment was rendered, a sale under the same should be enjoined without reference to whether the judgment has been paid off or not. A sale would pass no title to the purchaser, and would only further complicate and embarrass the relations between the transferee of the judgment and his vendee, the occupant of the premises.

November 6, 1893.

Petition for injunction. Before Judge SMITH. Pulaski county. At chambers, June 16, 1893.

L. C. RYAN, for plaintiff.

J. H. MARTIN, by brief, for defendants.

SIMMONS, Justice.

Mrs. F. V. Horne filed her petition against Hunt, sheriff, and Seisel, to enjoin the sale of certain land levied upon and advertised for sale as the property of W. A. Horne under a judgment against the latter in favor of the American Freehold Land Mortgage Company of London, Limited, which had been transferred to Seisel. The following appeared from the petition: At a sheriff's sale of the land, it was sold as the property of W. A.

Horne, subject to a mortgage in favor of the above named company, and was purchased for the petitioner by Mayer & Watts. Afterwards, Seisel agreed to obtain title for petitioner from Mayer & Watts and "to take up, pay off and discharge" the claim of the mortgage company, and made an agreement with her in the nature of a bond for title (a copy of which is attached to the petition), whereby he undertook to make to her a good and sufficient title to the property upon the payment of certain rent notes given him by her under this agreement, and of certain other sums therein set out and the amount of the mortgage indebtedness above referred to. After this agreement was entered into, the mortgage company obtained a general judgment against Horne for the amount of its claim, and Seisel obtained a transfer of the judgment to himself; and this was the judgment he was proceeding to enforce against the land when this petition was filed. It was alleged that the petitioner had fully paid the whole amount due Seisel under their agreement, part of the same being paid in cash and the remainder being discharged by a sale to one Pusser of all the land except lot seven, upon which the petitioner resided; and that Seisel owed her a balance out of the proceeds of this sale.

Seisel, in his answer, admitted the making of the agreement annexed to the petition, but denied that the purchase of the land by Mayer & Watts was made for the petitioner, or that he had agreed with the petitioner to obtain title for her from Mayer & Watts. He admitted that she had paid part of the amount due under their agreement, but claimed that he had credited upon the *fi. fa.*, under which the levy was made, the full amount she was entitled to have credited thereon. The court granted an injunction against the sale of that portion of the land which had been sold to Pusser, but refused to enjoin the sale of the lot occupied by the pe-

titioner herself; and to this refusal the petitioner excepted.

The evidence sent up in the record, not being briefed as the statute requires, is not looked to (*Ryan* v. *Kingsbery*, 88 *Ga.* 361; *Hart* v. *Respess*, 89 *Ga.* 87), and the case is considered upon the pleadings and the exhibits thereto alone.  From these it appears that the judgment under which the levy was made was a general judgment, and was not rendered until after the defendant therein had been divested, by a judicial sale under a prior judgment, of his right, title and interest in property levied upon. The purchaser at that sale having bought subject to the lien of a mortgage, the property might have been resold under a judgment foreclosing the mortgage, but it was not subject to be sold under a subsequent general judgment, such a judgment being enforceable only against property of the defendant, or property which was his at the time the judgment was rendered or which became his afterwards.  It made no difference that the debt for which the judgment was rendered was the same which the mortgage had been given to secure; the lien of the mortgage could not be enforced in this manner.  In view of the peculiar equities set up in this case as between the petitioner and the transferee of the judgment, the ordinary remedy of claim would not be adequate; and we think the court ought to have enjoined the sale, not merely of the lots sold to Pusser, but of that portion of the property which was occupied by the petitioner herself, whether the judgment had been paid off or not.  A sale under the judgment would pass no title to the purchaser, and would only further complicate and embarrass the relations between the petitioner and the transferee of the judgment.          *Judgment reversed.*