Georgia Southern & Florida R. R. Co. *v.* Williams.

1. Where a mule attached to a wagon being driven along a public road in the direction of a railroad crossing ran away, reached the crossing, and, finding the same obstructed by a passing train, swerved aside and ran parallel with the railroad for one hundred and fifty yards, and getting ahead of the train, attempted to cross in front of it at a private crossing, and the driver was killed by the train colliding with the wagon, there was no cause of action for the homicide, notwithstanding the servants of the company violated the statute in running too fast upon and in approaching the public crossing, and in not blowing the whistle as required by the statute, this violation not being the proximate cause of the injury, it appearing by the evidence that those in charge of the train did all they could to stop after they discovered the mule was in the act of running away.

2. The court erred in not granting a new trial on the merits, irrespective of the alleged errors complained of in the motion for a new trial.                                    *Judgment reversed.*

January 8, 1894.

Action for damages.   Before Judge Bartlett.   Bibb superior court.   April term, 1893.

Gustin, Guerry & Hall, for plaintiff in error.
Preston & Giles and J. L. Hardeman, *contra.*

Smith *v.* Ray.

The only error complained of being the granting of a nonsuit, and there being in the bill of exceptions no brief of evidence, but instead thereof a full stenographic report of the trial, containing questions to the witnesses and their answers to same, colloquies between court and counsel, rulings made by the judge, objections and exceptions thereto, and much other entirely irrelevant matter, all in total disregard of the requirements of the Supreme Court practice act of 1889, the case has not been brought to this court as the law requires, and the writ of error must be dismissed. The statement of the presiding judge in these terms, "I think the evidence may be better understood, as I conceived it to be, and that the Supreme Court can better understand the error complained of, by having before them the evidence in full, as reported by the stenographer and incorporated in the foregoing bill of ex-

ceptions," is without effect, inasmuch as statutory requirements can neither be modified nor dispensed with on account of any opinion a member of the judiciary may entertain.

December 6, 1893.                                    *Writ of error dismissed.*

M. G. BAYNE, by HARRIS & HARRIS, for plaintiff in error. DESSAU & HODGES, L. D. MOORE, HARDEMAN & SON and R. D. SMITH, *contra.*

---

## THOMPSON *v.* McGHEE.

Under the act of September 26th, 1883 (Acts of 1882-3, pp. 103-4), which makes applicable to bills of exceptions sued out in cases of *mandamus* the law regulating the practice in injunction cases, a bill of exceptions assigning error upon the refusal of the court to grant a *mandamus* absolute must be tendered and certified within twenty days from the date of the decision complained of, whether rendered in term or during vacation. When the bill of exceptions is certified more than twenty days after the date of such decision, the writ of error must be                                    *Dismissed.*

January 27, 1894.

M. G. BOYD, for plaintiff.
PRICE & CHARTERS, for defendant.

---

## CONWELL *v.* McWHORTER, judge.

Where a case was tried in the superior court, a motion for a new trial filed, and an order passed setting a day for hearing the motion in vacation and granting the movant until the hearing to prepare and present for approval a brief of the evidence, the order further providing that if the motion was not heard on the day appointed it might be heard thereafter at a time to be designated by the judge, after five days notice to the parties; and before the arrival of the day first appointed for hearing the motion, the judge before whom the case was tried and before whom the motion was returnable, and who was not the judge of the circuit including the county in which the case was tried, had resigned his office, and therefore could take no further official action, this court will not grant a *mandamus nisi* requiring the judge of the circuit to show cause why he should not approve a brief of evidence tendered by counsel for movant. Under the ruling in *Central Railroad & Banking Company of Georgia* v. *Miller, judge,* 91 *Ga.* 83, 16 S. E. Rep.