Ingram *et al. v.* Clarke, trustee, *et al.*

Simmons, C. J.—This being a case in which no motion for a new trial is to be reviewed, and there having been a manifest disregard of the requirements of the Supreme Court practice act of 1889 as to the manner of bringing up the evidence in such a case, because the evidence incorporated in the bill of exceptions consists almost entirely of documents from which the formal, irrelevant and superfluous parts were not eliminated, and it being clear that there was no *bona fide* effort to brief the evidence as the law directs, this court will not undertake to consider or pass upon the same; and there being in the case no question which can be properly adjudicated without reference to the evidence, it will be assumed that the judgment below was correct. *Ryan* v. *Kingsbery,* 88 *Ga.* 361; *Hart* v. *Respess,* 89 *Ga.* 87; *Horne* v. *Seisel,* 92 *Ga.* 685; *Smith* v. *Ray,* 93 *Ga.* 253.

May 13, 1895.   Brought forward from the last term.   *Judgment affirmed.*

W. P. Wallis, R. L. Maynard and J. B. Hudson, for plaintiffs in error.

Bacon & Miller and W. M. Hawkes, *contra.*

---

Chism *v.* Varnedoe.

Atkinson, J.—The bill of exceptions, as certified, containing only a portion of the evidence, and it being impossible to ascertain therefrom whether or not the trial judge erred in rendering the judgment complained of, which was a decision of the case upon the law and facts without the intervention of a jury; and the remainder of the evidence, purporting to be an exhibit to the bill of exceptions, being neither identified as such by the signature of the judge or otherwise, nor incorporated in a brief and made a part of the record, so that this court could order the same to be certified and sent up by the clerk of the court below, the judgment must stand affirmed. *Harman* v. *Strange,* 62 *Ga.* 167; *Masland* v. *Kemp,* 70 *Ga.* 786.                    *Judgment affirmed.*

May 13, 1895.   Brought forward from the last term.

G. A. Whitaker, for plaintiff in error.

D. C. Ashley and Glenn & Rountree, *contra.*