KIRBY *v.* LIPPINCOTT, OGELVIE & CO. *et al.*

1. This being a direct bill of exceptions assigning as erroneous a judgment rendered by the trial judge without a jury, and certain rulings made by him during the trial; and the bill of exceptions neither containing, nor purporting to contain, all of the material evidence introduced at the trial, and no brief of the same having been made and approved by the judge so as to become a part of the record, the evidence has not been brought to this court in the manner prescribed by law, and cannot be considered. The fact that the bill of exceptions sets forth, by recital and by exhibit, some of the material evidence, will not suffice.

2. All of the errors assigned necessarily involving a consideration of the evidence, and it being impossible without reference thereto to determine whether there was error (if any at all) which would require or warrant a reversal of the judgment, there is no question legally before this court for adjudication.

May 11, 1896. Argued at the last term.

Motion to dismiss writ of error.

*B. H. & C. D. Hill* and *W. F. Findley*, for plaintiff in error. *Dean & Hobbs, M. L. Smith, Perry & Craig, G. H. Prior, J. B. Estes, S. C. Dunlap* and *W. L. Telford*, contra.

LUMPKIN, Justice.

It appears from the bill of exceptions, that this case was tried by the judge below without the intervention of a jury. Error is assigned upon the judgment rendered, and also upon various rulings made during the trial. None of these can be intelligently passed upon without a consideration of the evidence, which is not brought to this court in the manner prescribed by law. The bill of exceptions neither contains, nor purports to contain, the evidence introduced at the trial. After specifying the material portions of the record, including the judgment of the court, it prays that "the following documentary evidence" be approved by the judge, made a part of the record and sent up by the clerk as such, and thereupon designates certain notes, mortgages, petitions, a contract, receipt, the report of a master, and

a brief of the oral evidence which had been made up at the hearing of a former motion for a new trial in this case before another judge, and which, under an agreement of counsel, was also used at the trial now under review. It nowhere appears that these various documents were ever approved, either separately or as a whole, as constituting a brief of the evidence introduced at the trial last mentioned. The bill of exceptions sets forth, by recital and by exhibit, other evidence which was introduced at the hearing. The clerk's certificate to the transcript of the record states, that no brief of the evidence introduced at the last trial has been filed in his office, but that certain designated pages of the transcript contain a true copy of the oral evidence contained in a brief of the same introduced upon a former trial, and that certain other designated pages contain true copies "of the documentary evidence specified in the bill of exceptions and furnished [him] by the attorneys for the plaintiff in error,"—the clerk adding, however: "But I cannot certify to such record in the usual form, because no brief of evidence has been approved by the court and filed, and I have had to resort to such papers and documents as have been furnished me."

Further comment for the purpose of showing that there has been a complete disregard of the law which provides how evidence shall be brought to this court, is unnecessary. We are compelled to dismiss the writ of error and deny the plaintiff in error a hearing upon the merits of his case. The practice to be observed in such cases has been settled by the decision of this court in *Mayor and Council of Waycross* v. *Neal*, 94 *Ga.* 731.

*Writ of error dismissed.*