## CENTRAL OF GEORGIA RAILWAY CO. *v.* HOWARD.

1. Where a plaintiff in a justice's court appealed to a jury therein from a judgment rendered by the magistrate in the defendant's favor, and when the case came on for a hearing upon the appeal dismissed, not the appeal, but " the case," it was a dismissal of the cause of action, and the plaintiff had the right to sue again.
2. There was, in addition to the legal presumption of negligence against the defendant company, some evidence warranting a finding that it was in fact negligent, and it does not appear that the court erred in overruling its certiorari.

Argued February 4,—Decided March 1, 1901.

Action for damages — certiorari.   Before Judge Felton.   Bibb superior court.   June 27, 1900.

*Hall & Wimberly* and *Hardeman, Davis, Turner & Jones,* for plaintiff in error.   *Steed & Ryals,* contra.

LEWIS, J.   Mrs. Mattie B. Howard brought suit against the Central of Georgia Railway Company, in the justice's court of the 564th district, G. M., of Bibb county, for damages alleged to have been sustained by her on account of the unlawful killing of plaintiff's cow by a train of the defendant company.   At the trial judgment was rendered in favor of the defendant, and the plaintiff appealed to a jury in the justice's court.   When the case came up for trial on the appeal, she dismissed "the case," and not the appeal, and later brought suit on the same cause of action in the justice's court of the 483d district, G. M., of Bibb county.   On the trial of this case, the defendant filed a plea of res adjudicata, and also denied that the injury alleged had been caused by its negligence or that of any of its servants or employees.   Judgment was rendered for the plaintiff for $40; whereupon the defendant brought the case by certiorari to the superior court.   To the overruling by the superior court of its petition for certiorari, and to the rendition of judgment in favor of the plaintiff, the railroad company excepts.

1. There was no error in deciding against the defendant below on its plea of res adjudicata.   This principle is clearly settled in the case of *Fagan* v. *McTier,* 81 *Ga.* 73, by the following ruling: "Where a plaintiff instituted his suit in the county court, and the judgment in that court was for defendant, and the plaintiff appealed to the superior court, and when called there the case was dismissed on the plaintiff's motion, and the plaintiff afterwards brought the same action in the superior court, a plea by defendant of a former recovery was not a good plea to the second action." In section 4140 of the Civil Code, the following language is used: "In any civil case in a justice's court, either party dissatisfied with the judgment of the justice may, as of right, enter an appeal to a jury in said court, under the same rules as now regulate appeals to the superior court."   It necessarily follows, therefore, that the losing party plaintiff, after appealing his case to a jury in a justice's court, has the same right to dismiss it and renew his action that he would have had if the case had been appealed to the superior court.

See, also, in this connection, Civil Code, §§ 4453, 4469, 5044. Counsel for plaintiff in error in his brief proceeds upon the idea that the last justice's court in which the case was brought was without jurisdiction. No such point, however, is even hinted at in the record, and no such question is before us. We deal, therefore, on this branch of the case, exclusively with the question whether or not the plea of res adjudicata was good.

2. The only other assignment of error insisted upon is that the verdict was contrary to the evidence. After a careful examination of the petition for certiorari and the answer of the magistrate thereto, we find that, aside from the legal presumption of negligence against the plaintiff in error, there was some evidence to warrant a finding that it was in fact negligent. From the testimony of the fireman of the engine that struck the cow, it appeared that when first discovered the animal was from 200 to 250 yards in front of the engine and on the track, that the engineer brought his train to a slow speed after blowing his whistle, and that the cow got off to one side of the track. It seems, however, according to the same witness, that the engineer, without waiting for her to reach a safe distance to the side, again increased the speed of the train, and that she got on the track a second time and was killed. In this view of the case, the jury was certainly authorized to find that the engineer was not free from negligence; and therefore we will not interfere with the judgment of the court below overruling the certiorari.

*Judgment affirmed. All concurring, except Simmons, C. J., absent.*