## CALLAWAY & TRUITT *v.* SOUTHERN RAILWAY CO.

1. Where consignors delivered goods to a common carrier for carriage to a distant point and there to notify a third person and deliver to him upon his presentation of the bill of lading and payment of the draft for the purchase-money attached thereto, and the carrier delivered the goods to the designated person before the payment of the draft and without presentation of the bill of lading, but afterwards the consignors treated directly with the party taking the goods, accepted a part of the purchase-money in cash, and took a check for the balance, which check was not paid upon presentation; and where the consignors afterwards demanded from the common carrier payment of the amount represented by

the check, and, upon refusal to pay, instituted suit therefor: *Held,* that, under the ruling in the case of *Southern Ry. Co.* v. *Kinchen,* 103 *Ga.* 187, the consignors, by treating directly with the party receiving the goods, waived their right against the common carrier, and could not recover.

2. Where a plaintiff obtains judgment in a justice's court, which is appealed by the defendant to the superior court, the appeal case must be tried by a jury. But if the evidence demands a verdict for the defendant, the judge may direct that such verdict be found. In such case, if the plaintiff does not wish to be concluded by the verdict of the jury, it is his duty, before the verdict is directed, to move to dismiss the case.

Submitted March 3,—Decided August 9, 1906.

Appeal.    Before Judge Pendleton.    Fulton superior court.    May 8, 1905.

The plaintiffs brought suit in a justice's court to recover $63.50 as damages which resulted to them by reason of the following facts: "Your petitioners shipped over defendant company's road certain goods to Peri, Florida, consigned as per bill of lading to Callaway & Truitt. Defendant company delivered said goods to the Owens Company, without any instructions from your petitioners, thereby violating their contract of shipment and damaging petitioners to the amount of $63.50 as aforesaid." Upon the trial the jury found for the plaintiffs, and the defendant entered an appeal to a jury in the superior court. Upon the trial of the appeal case the evidence disclosed that on October 7, 1901, the plaintiffs shipped over the defendant's railroad goods from Atlanta, Ga., to Peri, Fla., taking the bill of lading to their own order, with direction to "notify the Owens Company." The goods were not to be delivered to the Owens Company except upon the payment of the draft of plaintiffs, which had been drawn with the bill of lading attached. By mistake and without instructions from plaintiffs, the defendant allowed the Owens Company to get possession of the goods without paying the draft. About the 12th of the following February a salesman of plaintiffs, who knew nothing about the transaction, called upon the Owens Company, who without any solicitation whatever from the salesman paid to him $25 in cash, and gave a check for the balance of the purchase-price of the goods. The salesman remitted the cash and forwarded to the plaintiffs the check, which by them was put in the bank for collection and returned unpaid. Soon after this the plaintiffs wrote to the defendant, asking reimbursement. There was correspondence between

them and defendant, showing an effort upon the part of the defendant to collect for the plaintiffs the amount stated. They have never been paid, and it does not appear that any collection from the Owens Company has ever been made. The court directed a verdict for the defendant, and the plaintiffs excepted.

*Etheridge, Boykin & Etheridge,* for plaintiffs.

*Lamar Rucker,* for defendant.

ATKINSON, J. 1. It is insisted by the plaintiffs that the ruling of the court was erroneous for two reasons: first, because the evidence did not require a verdict in favor of the defendant; and second, because, though the plaintiffs failed to make out a case, the court should not have made a final disposition of the case by directing a verdict for the defendant. Upon the first proposition, we think the case is controlled by the ruling in *Southern Ry. Co.* v. *Kinchen,* 103 *Ga.* 187. There is no substantial difference between the cases. In that case, a thirty-day draft was made by the consignor upon the consignee, but the ruling of the court turns not so much upon the fact that credit was given as upon the theory that, by electing to treat with and recognizing title in the consignee, there was an abandonment of any claim for a wrongful delivery. The principle there ruled is manifestly controlling in the case at bar. The plaintiffs certainly treated the title to the goods as having passed to the Owens Company. Under no other theory could they have accepted the cash or the check. They have never offered to return either. Had they not intended to adopt the action of the railroad company in making delivery to the Owens company, the time for them to have spoken was when they received the remittance and check from their salesman. It may be that the salesman was not advised of the conditions, but there was no contention that the plaintiffs acted unadvisedly when they accepted the cash and the check. Under these facts, in view of the ruling in the case above cited, the plaintiffs would not be entitled to recover anything whatever, not even nominal damages; for, if there was a right to recover anything, the right would have extended to the full amount.

2. In an appeal case, there is a judgment of the lower court to be disposed of. By the Civil Code, § 4472, it is mandatory that such cases shall be tried by a jury. The verdict is essential. In this connection, see *Montgomery* v. *Fouché,* 125 *Ga.* 43, and cases there cited. The court so interpreted the law, and, deeming it a

proper case for such disposition, directed a verdict for the defend-ant. If there had been any conflict of evidence or anything what-ever in the case which would have authorized the jury to determine either of two or more possible ways, it would have been proper for the court to submit the case upon appropriate instructions; but there was nothing of the kind in this case. There was only one verdict which the jury could possibly have rendered, and there was no reason why the court should not have directed the finding of that which the evidence demanded. If the plaintiffs did not wish to be concluded by the verdict of the jury, and if they had wished to save to themselves the right of instituting another suit upon the same cause of action, it was their privilege, after the conclusion of the evidence, to have dismissed the case upon their own motion. See *Fagan* v. *McTier*, 81 *Ga.* 74. They did not elect to do this, but stood by and suffered the verdict to be directed and entered against them without moving to dismiss. Having voluntarily sub-mitted their case, they could not afterwards complain, unless there had been some error of law or want of· evidence.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*