Davis *v.* Gray, administrator, *et al.*

Gilbert, J. 1. Where there has been no compliance with the requirements of the Civil Code (1910), § 6093, with regard to briefs of evidence, and where the document purporting to be a brief of the evidence is made up of portions of the pleadings together with the captions of the same and other documentary evidence copied without briefing, and where many pages of the oral evidence are not briefed but 'are set out as questions and answers, such a paper will be held to constitute no compliance with the law, "and this court will not determine any question which is dependent upon its consideration." *Crumbley* v. *Brook*, 135 *Ga.* 723 (2) (70 S. E. 655); *Roberts* v. *Rowell*, 152 *Ga.* 97 (108 S. E. 466); *Jones* v. *Hubbell*, 152 *Ga.* 496 (110 S. E. 237); *Crump* v. *Farmer*, 154 *Ga.* 711 (115 S. E. 71). See also *Price* v. *High*, 108 *Ga.* 145 (33 S. E. 956), where a large number of cases are cited. What purports to be a brief of evidence in this case occupies 43 typewritten pages, in more than 30 pages of which are found violations of the rule above stated to a more or less degree.

2. Since there is no sufficient brief of the evidence, this court can not say that the verdict was not supported by evidence.

3. The only special grounds of the motion assigned error on the judgment allowing the testimony of certain witnesses alleged to be related to the deceased defendant, over objection that said witnesses were incompetent under the Civil Code (1910), § 5858, no particular paragraph under said section being pointed out. If this is a good assignment, it does not show error. The testimony was not that of the opposite party nor in his behalf. It was offered in favor of the deceased person, and tended to prove the allegations of the answer filed by the administrator.

4. The Civil Code (1910), § 5859, provides that "there shall be no other exceptions allowed under" § 5858. *Lawson* v. *Prosser*, 146 *Ga.* 421 (91 S. E. 469). *Judgment affirmed. All the Justices concur.*

No. 5417. November 23, 1926. Rehearing denied December 20, 1926.

Equitable petition. Before Judge Roop. Carroll superior court. March 13, 1926.

*Smith & Millican* and *Boykin & Boykin*, for plaintiff.

*S. Holderness*, for defendants.

---

Appeal and Error, 3 C. J. p. 978, n. 36; 4 C. J. p. 413, n. 65; p. 414, n. 71, 72; p. 415, n. 76; p. 535, n. 8.