## PEEK *et al. v.* IRWIN.

1. The motion to dismiss the bill of exceptions is overruled. It can not be held that there was no bona fide effort to brief the evidence as required by Civil Code (1910), § 6093. This case does not fall within the class of cases (a number of which are cited in the opinion) where the brief of the evidence was largely interspersed with colloquies between court and counsel, with statements of the stenographer, with the questions and answers of the witness thereto, and large masses of documentary evidence, consisting of affidavits, copy suits, deeds, letters, and other writings, much of which was irrelevant.
2. A nonsuit is not granted merely because the court would not allow a verdict for plaintiff to stand. But if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved, and all reasonable

Appeal and Error, 4 C. J. p. 414, n. 71, 74; p. 1003, n. 61; p. 1165, n. 44 New.

Evidence, 22 C. J. p. 175, n. 76; p. 206, n. 50.

Trial, 38 Cyc. p. 1556, n. 9, 10, 12; p. 1560, n. 44 New.

Wills, 40 Cyc. p. 1331, n. 41.

deductions from them, the plaintiff ought not to recover, a nonsuit will be granted.

3. Under the facts of this case it was error to grant a nonsuit.

4. A judgment of the Supreme Court reversing a judgment of nonsuit does not adjudicate that the plaintiff is in law entitled to recover upon the facts alleged in the petition.

5. When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they are admitted in evidence, not as hearsay, but as original evidence. It was error to reject the testimony of the witness Mrs. Almand, to which objection is taken.

No. 5621. JUNE 17, 1927. REHEARING DENIED JULY 29, 1927.

Appeal from probate of will. Before Judge Hutcheson. Rockdale superior court. July 7, 1926.

*Hooper Alexander,* for plaintiffs.

*George & John L. Westmoreland,* for defendant.

HILL, J. Horace Peek filed his petition in the court of ordinary of Rockdale County, in August, 1923, for the probate of the alleged will of Mrs. Lizzie Peek Irwin, alleging that the will had been lost or destroyed, attaching a copy of what purported to be the last will and testament, and praying that the copy be established in lieu of the lost or destroyed original. It was alleged in the petition for probate that J. R. Irwin was the only heir at law of the testatrix. J. R. Irwin, at the September term, 1923, of the court of ordinary filed his caveat to the probate of the will, on the grounds, among others, that the purported will, a copy of which was sought to be probated in lieu of the original, was not executed by the testatrix, who at the time of its alleged execution was in a very low state of health, extremely nervous, and unable to control her thoughts and intentions; that by undue influence and persuasion of certain named persons, the testatrix was persuaded to disinherit the caveator; that the pretended will was not the will of testatrix, etc.; and that if testatrix did in fact execute the original will, it was destroyed by her during her lifetime. The case was heard by the ordinary at the October term of the ordinary's court, and the will was probated and admitted to record. Thereupon the caveator appealed to the superior court. In October, 1924, the propounders filed an amendment to their petition, alleging that the will was destroyed by the caveator. There were two mistrials before a jury. At the July term, 1926, there was another trial in the superior court; and at the conclusion of the pro-

pounders' evidence the court on motion of the caveator granted a nonsuit and dismissed the case. To this judgment the plaintiffs excepted.

1. On the call of the case in this court the defendant moved to dismiss the bill of exceptions, on the ground that there had been no substantial compliance by the plaintiffs with the provisions of the Civil Code (1910), § 6093, to the effect that in motions for new trial there shall be a condensed and succinct brief of the material portions of the oral testimony, etc., and that what purports to be a brief of the evidence adduced upon the trial in the lower court is not such a brief as is required by law. A portion of the evidence is briefed in accordance with the requirements of the Civil Code, supra, but certain of the evidence incorporated in the brief consists of questions propounded by counsel to the witnesses, with their answers thereto. It is insisted by the respondent in the motion that this was set out purposely in order that the court might better understand the evidence sought to be elicited from the witnesses. Viewing the evidence as a whole, we can not say that there was no bona fide effort on the part of plaintiffs in error to brief the evidence as the law directs. This case, therefore, does not fall within the following class of cases, where the briefs of evidence were largely interspersed with colloquies between court and counsel, with statements of the stenographer, with the questions of counsel and the answers of the witnesses thereto, and large masses of documentary evidence, consisting of affidavits, copy suits, deeds, letters, and other writings, much of which was totally irrelevant. See *Ryan* v. *Kingsbery,* 88 *Ga.* 361 (14 S. E. 596) ; *Smith* v. *Ray,* 93 *Ga.* 253 (18 S. E. 525) ; *Scott* v. *Maddox,* 113 *Ga.* 795 (39 S. E. 500, 84 Am. St. R. 263) ; *American Standard Jewelry Co.* v. *Goodman,* 127 *Ga.* 543 (56 S. E. 642) ; *American National Ins. Co.* v. *Lee,* 145 *Ga.* 797 (89 S. E. 836) ; *Roberts* v. *Rowell,* 152 *Ga.* 97 (108 S. E. 466) ; *Jones* v. *Hubbell,* 152 *Ga.* 496 (110 S. E. 237) ; *Crump* v. *Farmer,* 154 *Ga.* 711 (115 S. E. 71) ; *Bright* v. *Bright,* 156 *Ga.* 42 (118 S. E. 427).

2. At the conclusion of the evidence for the plaintiffs the court granted a nonsuit. Our law declares that a nonsuit is not granted merely because the court would not allow a verdict for the plaintiff to stand. But if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable de-

ductions from them, the plaintiff ought not to recover, a nonsuit will be granted. A judgment of nonsuit is no bar to a subsequent action for the same cause, brought in due time. Civil Code (1910), § 5942. The plaintiffs contend that the case should have been submitted to a jury, and that the grant of a nonsuit was error. We are of the opinion that the case should have been submitted to the jury under proper instructions, but for a different reason than the one urged by counsel for the plaintiffs. It is argued that, inasmuch as there was a judgment of the court of ordinary admitting the will to probate, when the nonsuit was granted by the superior court on appeal from the judgment of the court of ordinary, this did not do away with the judgment of the latter court, and that in order to set aside the judgment of the court of ordinary the verdict of a jury finding against the probate of the will was necessary. To this contention we can not agree. In *Fagan* v. *McTier,* 81 *Ga.* 73 (6 S. E. 177), this court held: "Where a plaintiff instituted his suit in the county court, and the judgment in that court was for the defendant, and the plaintiff appealed to the superior court, and when called there the case was dismissed on the plaintiff's motion, and the plaintiff afterwards brought the same action in the superior court, a plea by defendant of a former recovery was not a good plea to the second action. . . There is a difference between dismissing a case on appeal and dismissing the appeal. When the case on appeal is dismissed, the latter case goes out. When the appeal is dismissed, it is an affirmance of the judgment in the court below, 'and the rights of all the parties are the same as if no appeal had been entered.'" And see *Central of Ga. Ry. Co.* v. *Howard,* 112 *Ga.* 917 (38 S. E. 338); *Callaway* v. *Southern Ry. Co.,* 126 *Ga.* 192 (55 S. E. 22). An appeal from the judgment of the court of ordinary to the superior court is a de novo investigation, and the case is treated as if no judgment had been rendered in the court of ordinary.

But, we are of the opinion that a reversal should be had because the court failed to submit the questions at issue to the jury under the evidence. The evidence for the plaintiff tended to show that before Mrs. Irwin went to the hospital, where she died within less than two weeks, she told her brother and sister that she had a will, and that she kept it in a cedar chest inside of a little box. Her sister, Mrs. Almand, testified: "On June 16 she went to the

hospital, the Piedmont. I was present when she left home. I went up there on Thursday and spent the day with her, and she left Saturday morning, which was June 16. She was in bed almost all the time; she would get up and go to the bath-room and walk around a little bit, but she was unable to do anything. I packed her belongings. She asked me to pack her things and put them away. I packed a number of things in a cedar chest. She wanted her good clothes placed in the cedar chest and a tin box in which she kept her private papers and bonds and the like, and we were led to believe that her will was in there, and I locked the chest and gave her the key, and she wanted me to see it was locked; to be sure it was locked, that the chest was locked. I saw it was locked. I did not go in it. It was in the right-hand corner of the chest." Two of the witnesses to the will testified to its execution by the testatrix. The third witness, who was the father of testatrix, had died; and another witness, a sister of the testatrix, in addition to the two living witnesses to the will, testified to the execution of the will, and of its being witnessed by the witness who had since died. After the death of the testatrix, the evidence discloses that the will could not be found in the tin box within the chest which had been locked immediately preceding the time that the testatrix went to the hospital. The trained nurse, who attended and waited on the testatrix for a week or ten days before she died, testified that on the day previous to the death of the testatrix she informed the husband, at the instance of the physician in charge, that she was liable to die at any moment, and that the husband asked for a little key which his wife had on a bunch of keys in her purse, and that the nurse gave the husband the bunch of keys, and he stated that he wanted the key for the purpose of getting some important papers, and he left and returned the next day, on which the testatrix died. There was also evidence tending to show that after the death of testatrix the caveator said, when asked for the key to the box, which was supposed to contain the will of the testatrix, that he had not looked for the will but that his wife had told him before she died that she had destroyed the will. In view of this, and other evidence, we are of the opinion that the question of whether there had been a will, and whether it was destroyed by the testatrix, or by the caveator, should have been submitted to the jury for their determination. It was peculiarly a question of fact

for determination by the jury. See *Bright* v. *Bright,* supra. In *Vickers* v. *Atlanta &c. Ry. Co.,* 64 *Ga.* 306, Judge Bleckley expressed the rule in the following language: "Nonsuit is a process of legal mechanics; the case is chopped off. Only in a clear, gross case is this mechanical treatment proper. Where there is any doubt, another method is used—a method involving a sort of mental chemistry; and the chemists of the law are the jury. They are supposed to examine every molecule of the evidence, and to feel every shock and tremor of its probative force." . "A nonsuit under this section ought not to be applied when the jury, from the facts proved and all reasonable deductions from them—deductions which may be legitimately made by the jury, might find the issue of diligence or negligence in favor of the plaintiff." *Jackson* v. *Ga. So. Ry. Co.,* 132 *Ga.* 127 (63 S. E. 841). "And even if the judge were justified in a given case, by an overwhelming preponderance of evidence for the defendant, in thinking that the jury should not find for the plaintiff, but rather for the defendant, this would give him no right, without the aid of the jury, to decapitate the plaintiff's case with a nonsuit." Ib. "A judgment of the Supreme Court reversing a judgment of nonsuit does not adjudicate that the plaintiff is in law entitled to recover upon the facts alleged in the petition." *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280). We neither express nor intimate any opinion on the evidence, further than to say that there was enough evidence to carry the case to the jury, who are the sole judges of the evidence, and that it was therefore error to order a nonsuit.

3. The bill of exceptions recites that during the progress of the trial the propounders offered to prove by the testimony of Mrs. E. L. Almand that on the evening of the 28th of June, in response to an inquiry from witness as to where the keys were, the nurse, Miss Arnold, communicated to witness the fact that she (Miss Arnold) had given the keys to J. R. Irwin. Miss Arnold had previously testified to this fact; and when objection was made to the offered testimony, counsel for propounders stated to the court that the testimony of Mrs. Almand was not offered to prove the fact, but only for the purpose of proving that the fact was by Miss Arnold communicated to Mrs. Almand. The court held that the testimony was hearsay, and excluded it, and on this ruling error is assigned. We are of the opinion that the court erred in exclud-

ing this testimony. The Civil Code (1910), § 5763, provides that "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they are admitted in evidence, not as hearsay, but as original evidence." *Brown* v. *Matthews, 79 Ga.* 1 (4) (4 S. E. 13); see *Purvis* v. *Atlanta Northern Ry. Co., 145 Ga.* 517 (89 S. E. 571).

*Judgment reversed. All the Justices concur, except Atkinson and Gilbert; JJ., dissenting.*

BECK, P. J., specially concurring. I concur in the judgment in this case and in the ruling made upon the motion to dismiss the bill of exceptions. Failure to brief the evidence is not ground for dismissal of the bill of exceptions, but it does authorize this court to disregard the evidence and to decide only the questions made in the record which can be decided independently of the evidence.

GILBERT, J., dissenting. I concur in the ruling that the motion to dismiss the writ of error should be overruled. Where there has been no sufficient compliance with the requirements of the Civil Code (1910), § 6093, this court will not determine any question which is dependent upon consideration of the brief of evidence. *Davis* v. *Gray, 163 Ga.* 271 (136 S. E. 81), and cit. In *Smith* v. *Ray, 93 Ga.* 253 (supra), where the only error complained of was the grant of a nonsuit, the writ of error was dismissed. In that case the trial judge sent up a statement as follows: "I think the evidence may be better understood, as I conceived it to be, and that the Supreme Court can better understand the error complained of, by having before them the evidence in full, as reported by the stenographer and incorporated in the foregoing bill of exceptions." This court ruled that the statement was "without effect, inasmuch as statutory requirements can neither be modified nor dispensed with on account of any opinion a member of the judiciary may entertain." Compare *Price* v. *High, 108 Ga.* 145 (33 S. E. 956), where Chief Justice Simmons elaborately discussed the question, citing numerous authorities, but where the court affirmed the judgment instead of dismissing the writ of error. The evidence sent up begins on page 2 of the bill of exceptions and ends on page 31. The will and letters cover substantially five pages. Of the remaining pages, all except one offend the rule against containing questions and answers to a more or less degree, and on one

page the objection of counsel is set out. In the main there is a total failure to brief the evidence as required by law. As shown in *Smith* v. *Ray,* supra, the trial court is powerless to dispense with the statute, and certainly this court can not do so, however sincerely and honestly counsel for plaintiff in error may believe that non-compliance will be helpful to the court. The rule has heretofore been enforced, in some cases no doubt where the result was a failure of justice; but the first duty of the court is to follow the law, and another duty is to apply it alike to all parties. To hold that the evidence was briefed as required by law would be to vary the clearly established construction of the statute in favor of one litigant and to completely run over binding precedents. This would tend to upset the law and lead to endless confusion.

I can not concur in the ruling made in the fifth headnote. The record shows, and counsel concedes, that Miss Arnold, as a witness in the case, swore to the fact that she had given the keys to the tin box to J. R. Irwin. Afterwards it was sought to prove by Mrs. Almand that Miss Arnold had communicated that fact to her. The latter evidence was excluded. It is difficult to see any injury from such ruling to complainant. The brief of plaintiff in error states that the ruling "is not a matter of any very great importance." The fact was shown by Miss Arnold, and the evidence of Mrs. Almand was certainly not so material and beneficial that, even if admissible, it would require a reversal.

I am authorized to say that Mr. Justice Atkinson concurs in this dissent.