### 18491.　ADAMS *v.* HILL, receiver.

Although the evidence is set forth in the bill of exceptions, and the judge's certificate thereto states that the bill of exceptions contains all the evidence material to a clear understanding of the errors complained of, the judgment complained of, which was rendered in passing on the facts on a trial without a jury, and of which a copy is sent up in the transcript of the record, shows on its face that in arriving at the judgment the court considered much evidence not set out in the bill of exceptions; and, there being no brief of evidence in the transcript of the record, and it being therefore impossible to determine whether there was error which would require or warrant a reversal of the judgment, there is no question legally before this court for adjudication.

DECIDED DECEMBER 13, 1927.

Money-rule; from Madison superior court—Judge W. L. Hodges. September 6, 1927.

*C. E. Adams,* for plaintiff.

*R. H. Gordon, Berry T. Moseley, Erwin, Erwin & Nix,* for defendant.

BLOODWORTH, J. This was a money rule against the sheriff, involving priority of liens. The trial judge, acting without the intervention of a jury, rendered judgment against the plaintiff,

and the plaintiff excepted. The defendants in error moved to dismiss the bill of exceptions, on the grounds that no brief of the evidence was sent up as required by the Civil Code (§§ 6140, 6141), and that there was no proper assignment of error. While the certificate of the trial judge specifies that the bill of exceptions "contains all of the evidence and specifies all of the record material to a clear understanding of the errors complained of," the judgment of which complaint is made shows on its face that much evidence, of which this court has no brief, was considered by the judge in arriving at the judgment.

1. "Where there is a conflict between the bill of exceptions and the transcript of the record, the conflict must be determined by inspection of the transcript." *James* v. *Cooledge,* 129 *Ga.* 860 (4) (60 S. E. 182).

2. "This being a direct bill of exceptions assigning as erroneous a judgment rendered by the trial judge without a jury, and certain rulings made by him during the trial; and the bill of exceptions neither containing nor purporting to contain all of the material evidence introduced at the trial, and no brief of the same having been made and approved by the judge so as to become a part of the record, the evidence has not been brought to this court in the manner prescribed by law, and can not be considered. The fact that the bill of exceptions sets forth, by recital and by exhibit, some of the material evidence, will not suffice."

3. "All of the errors assigned necessarily involve a consideration of the evidence, and it being impossible without reference thereto to determine whether there was error (if any at all) which would require or warrant a reversal of the judgment, there is no question legally before this court for adjudication." *Kirby* v. *Lippincott,* 98 *Ga.* 426 (25 S. E. 267). See also *Ingram* v. *Clarke,* 96 *Ga.* 777 (22 S. E. 334), and cit.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*