Railway & Express Company *v.* DeRoy et al.,
Appellants.

Argued May 4, 1933.

Before Trexler, P. J., Keller,
Cunningham, Baldrige, Stadtfeld, Parker and James,
JJ.

*Louis Caplan* of *Sachs & Caplan,* for appellants.

*Sidney J. Watts* of *Baker and Watts,* for appellees.

OPINION BY TREXLER, P. J., July 14, 1933:

On December 15, 1927, the defendants, a jewelry house, received an order from Dr. R. D. Tilly of Shreveport, Louisiana, for a diamond ring to be shipped to him at the price of $300 C.O.D. with the privilege of examination before paying and if not satisfactory of returning it after payment. The shipment was made through the plaintiff, the Railway and Express Company on the same date the order was received. Delivery was made to the customer by the carrier and the defendants received a check in payment of the ring on December 24th. On December 23rd, defendants received a letter from Dr. Tilly in which he advised them that the ring they had sent him was imperfect, part of the letter being as follows: "I am returning the ring you sent me by Express C.O.D. for $301.15 the amount I had to pay the Express Co. before I could take the ring to be examined. Please take it back when it comes and send me my money." Defendants telegraphed Dr. Tilly, and confirmed by letter, that they would send to him by special delivery registered mail a second ring under the same conditions as the first, that is, with the

privilege of examination and refusal and on December 23rd, the second ring was sent. Apparently while the second ring was in transit the Express Company delivered to the defendants at Pittsburgh the package containing the first ring which had been sent back by Dr. Tilly. What happened in connection with this delivery forms the bone of contention in the present case. When the package was shipped at Shreveport, Louisiana, it was a C. O. D. package not to be delivered until the amount stated was paid to the carrier company with the charges of carriage. The waybill attached to the package called for "C. O. D. $300." When the package was delivered to the defendants at Pittsburgh the letters "C. O. D. $300" had a ring around them. A witness for the plaintiff states that in the express office the ring was written "up as a regular package," "not a C. O. D.," "because there was a ring around the C. O. D.," and that conveyed to the person, who wrote up the delivery sheet for the day that it was what was called an "open package." As such it was delivered to the defendants without their paying anything, but the regular charges, the matter of its being a C. O. D. package being, as far as plaintiff's employees, who participated in the transaction, testified entirely eliminated from the transaction. There is no dispute as to this for it is shown by the plaintiff's own witness that the delivery sheet made up at the plaintiff's office at Pittsburgh and given to the plaintiff's driver designated that the particular package in question was to be delivered to the defendants merely upon payment of the transportation charges. There was no mistake made in the delivery of the package. If any mistake was made it was made somewhere during its transportation. Some weeks later on January 16, 1928 plaintiff notified defendants that it had made a mistake in delivering this package and demanded return

of the package or payment of $300. Dr. Tilly having made a demand for his money, on May 5th the Express Company paid him the sum of $300 and now it sues the defendants for that amount. The second ring which the defendants shipped to Dr. Tilly by air mail route was delivered to him on December 27, 1927 and presumably he still has it. The defendants having in hand $300 that belonged to Dr. Tilly could send a second ring to him without running any risk of the price of the ring not being paid. Dr. Tilly kept the ring and of course, if the Express Company were not in the case, he could not recover the amount of $300 from the defendants unless he returned the second ring, and the retention of the ring would be payment of the amount due.

The case was submitted to the jury upon what the court stated was the principle that "Where one receives money or something of value for which he ought to pay another, the law will require him to pay another." It is very evident there was no duty as between the parties to the transaction (excluding the Express Company) which required the defendants to pay Dr. Tilly $300 as long as he had the second ring. The court submitted the question to the jury upon the theory, that "if the defendants had knowledge that the package in question was a C. O. D. and should have been paid before it was received, then, the fact that they received it without paying for it, would not relieve them and they should now pay the $300, but if they received it in good faith without any knowledge that it was a C. O. D. package, they should not be required to pay anything."

We do not think there was any evidence in the case warranting the submission of this question to the jury. All the testimony in the case is to the effect that it was not a C. O. D. package; it had lost that quality when it was presented to the consignee and it was not

defendants' duty to tell the servant of the company that they would not receive the package unless its character was changed from an open to a C. O. D. shipment. It was not incumbent upon defendants' employee in the face of the facts to inquire why the C. O. D. package had been changed to an open package. Defendants were not privy to the reason why it was done. There might be various reasons why this change was made. There is absolutely no testimony in the case which would impute any fraud on the part of the defendants on the receipt of the package in question. It was for the Express Company to determine how the package was to be delivered. Presumably the Express Company knew how to transact its business.

The Express Company was the agent of Dr. Tilly. What it did, it did presumably by his direction. It would seem that if it made a mistake it would have to respond to the doctor for any loss that was occasioned by the mistake. If the Express Company instead of so readily paying the $300 to the doctor had allowed him to sue it for it, upon such case being tried, had the company proven that Dr. Tilly had received the $300 or accepted and retained its equivalent in merchandise from the defendants, that would be the end of the case. Callaway v. Southern R. R. Co. 55 S. E. 22 (Ga.); Rolla Produce Co. v. American Rwy. Express Co. 226 S. W. 582. The retention of the second ring by Dr. Tilly would be a waiver of the right to recover against the Express Company. 10 C. J. 279 notes.

It is strenuously argued by the appellee that the matter in question being presented by oral testimony, under Nanty-Glo Boro. v. American Surety Co., 309 Pa. 236, the matter had to be submitted to the jury, but that authority does not decide that where there is no competent evidence to support plaintiff's case that the court cannot enter judgment for the defendant.

The plaintiff has always to prove his case and we search in vain over the whole of the present record for any proof to support the inference that the defendants knew that there had been a mistake made when the package was in transit, nor was there any evidence to show that the defendants had such knowledge. Having paid the doctor the $300 if the defendants owed the doctor anything, the Express Company might be subrogated to the doctor's right but the question is not involved in the present discussion for as already indicated, the defendants owe the doctor nothing for he had a ring equal in value to the sum claimed, and his retention of the ring has liquidated the debt. The doctor has a ring which he has not paid for and for whose payment, under his moral standards, so far as appears in the present record, he recognizes no obligation. Some one must lose $300. It seems proper as between the plaintiff and the defendants that the one whose mistake has created the unfortunate situation should bear the consequences flowing from it. By way of summary we observe that the court in its opinion states that the jury was justified in concluding from the testimony that a mistake had been made in this case and the package delivered should have been in fact a C. O. D. package and should have been paid for. This is a correct statement except as to the conclusion drawn. When the court asked the jury to decide, "Did the Express Company deliver that as an open package and not as a C. O. D.?" it submitted a question to which but one answer, under the testimony produced by the plaintiff itself, could be given and that answer must be that it was an open package. Neither was there any reason to submit whether the defendants knowingly took it as a C. O. D. package for all the testimony was to the effect that it had ceased to be one.

The judgment is reversed and is now entered in favor of the defendants.