OCONEE MANUFACTURING COMPANY *et al. v.* CITIZENS
AND SOUTHERN NATIONAL BANK, trustee, *et al.*

No. 10179.   FEBRUARY 12, 1935.   REHEARING DENIED FEBRUARY 27, 1935.

*Green & Michael, Spalding, MacDougald & Sibley,* and *P. F. Brock,* for plaintiffs in error.

*Erwin, Erwin & Nix, Lamar C. Rucker,* and *Adams. Adams & Douglas,* contra.

ATKINSON, Justice. ■ "The brief of evidence required on motions for new trial shall be a condensed and succinct brief of the material portions of the oral testimony, including a similar brief of interrogatories read on the trial. In such brief there shall be

included the substance of all material portions of all documentary evidence. Documentary evidence copied as an exhibit or set out in the pleadings, and introduced in evidence, shall not be set out in the brief except by reference to the same. In all cases in which the testimony has been stenographically reported, the same may be reduced to narrative form, or the stenographic report may be used in whole or in part in making up the brief, with immaterial questions and answers and parts thereof stricken, so as in every case to shorten the brief, and include therein only material evidence." Code of 1933, § 70-305. The record relied on as a brief of evidence in the instant case, consisting of 192 pages of typewritten matter, considered in relation to the questions raised in the grounds of the motion for new trial, fails to comply with the substantial requirements of the foregoing rule; and therefore this court will not determine any question which is dependent upon its consideration. *Davis* v. *Gray,* 163 *Ga.* 271 (136 S. E. 81), and cit. This ruling does not to any extent conflict with the decision of *Crumbley* v. *Brook,* 135 *Ga.* 723 (2) (70 S. E. 655).

■ The fourth ground of the motion for new trial complains of the form of the question submitted to the jury: "Did the Oconee Manufacturing Company and the Citizens & Southern National Bank, as trustee, by mutual agreement express or implied, depart from the terms of the original mortgage and bonds, and pay or receive money under such departure?" The criticism is that the question as propounded made the answer depend "upon whether or not there had been an agreement between the parties to depart from the terms of the contract, whereas the legal issue and the true issue for the jury to pass on was whether or not there had been a departure in fact in paying and receiving money." The same criticism is made, in other grounds, of the charge to the jury substantially in the language of the question propounded. The burden of showing harmful error being upon the movant, these grounds necessarily involve a consideration of the evidence, in order that the trial judge and reviewing court may determine whether a new trial should be granted. All the special grounds of the motion for new trial are set forth at length in the statement of facts, and it is apparent that each of them depends upon a consideration of the evidence.

■ The exception to the decree in favor of the plaintiffs, foreclos-

ing the mortgage for the amount provided for therein, and appointing a receiver to make sale of the property covered by the mortgage, is upon the ground that it "was contrary to law and contrary to equity, for that the verdict does not support or warrant said decree, in that the special verdict of the jury merely found that there had not been a departure from the original terms of the contract as set out in the mortgage and the bonds by an agreement express or implied between the parties, whereas the legal test of this issue is whether there had been such a departure in fact, without reference to any agreement express or implied." The decree was not erroneous for the specific reasons set forth in this assignment of error. In this connection see *Bearden Mercantile Co.* v. *Madison Oil Co.*, 128 *Ga.* 695 (4) (58 S. E. 200).

*Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*