LYNCH *et al. v.* HARRIS COUNTY *et al.*

ATKINSON, Presiding Justice. 1. Since adoption of the Code of 1863 "it has been permissible for the defendant in ejectment to set up by way of plea any matter which would avail him in a court of equity. The filing of such a plea ipso facto converts the case into an equitable action. The plaintiff may by an amendment to his declaration set up counter equities." Powell on Actions for Land, 129, § 107 (see pp. 86, 88, §§ 60, 61); Code, § 37-901; *Charleston & Western Carolina Railway Co.* v. *Hughes*, 105 *Ga.* 1 (30 S. E. 972, 70 Am. St. R. 17); *Atlanta, Knoxville & Northern Railway Co.* v. *Barker*, 105 *Ga.* 534 (31 S. E. 452). The amendment was equitable in character, and the judge did not err in allowing it over the stated objections.

2. In so far as any of the assignments of error on the rulings admitting or excluding evidence are sufficient to raise any question for decision, they are without merit.

3. This case is not one in which a motion for a new trial is to be reviewed. What purports to be a brief of evidence in the case, set forth in the bill of exceptions, includes documents set forth at length, without elimination of formal, irrelevant, or superfluous parts. It is extensively interspersed with statements, arguments, and colloquies between counsel and between counsel and the court, none of which in anywise throws any light upon the testimony. It shows an entire disregard of the law as to the manner of bringing up evidence in the case, and that there was no bona fide effort to brief the evidence as the law directs. As to sufficiency of a brief of evidence, see *Ryan* v. *Kingsbery*, 88 *Ga.* 361 (14 S. E. 596); *Hart* v. *Respess*, 89 *Ga.* 87 (14 S. E. 919); *Horne* v. *Seisel*, 92 *Ga.* 683 (19 S. E. 709); *Smith* v. *Ray*, 93 *Ga.* 253 (18 S. E. 525); *Ingram* v. *Clarke*, 96 *Ga.* 777 (22 S. E. 334); *Price* v. *High & Co.*, 108 *Ga.* 145 (33 S. E. 956); *Oconee Manufacturing Co.* v. *Citizens & Southern National Bank*, 180 *Ga.* 215 (178 S. E. 643); *Stapleton* v. *Union*

*Central Life Insurance Co.*, 183 *Ga.* 117 (187 S. E. 631); Code. §§ 70-305, 6-801.

4. As there was no proper brief of evidence, the judgment of nonsuit, which necessarily involves consideration of the evidence, will be presumed correct.　　　*Judgment affirmed.　All the Justices concur.*

No. 13299.　November 12, 1940.

*A. L. Hardy,* for plaintiffs.

*T. L. Bowden, J. O. McGehee,* and *G. W. Huling,* for defendants.