## 38063. STUBBS v. SMITH et al.

MARSHALL, Justice.

Raymond Alston was named executor of the will of Blanche Smith. Pursuant to directions in her will, he retained the services of M. Francis Stubbs, an attorney, who probated the will in common form. In his capacity as executor, Alston conveyed a tract of land from Blanche Smith's estate to H. Earl Jones, who in turn executed a security deed to the property to the Sea Island Bank. However, Blanche Smith's husband, Rufus Smith, later set aside the will and thereby became the fee-simple titleholder to his wife's property as her sole heir. Rufus Smith filed the present suit against Jones and the bank in order to eject them from the above-described property and obtain damages. He also seeks to be adjudicated the fee-simple titleholder to the property. The defendants filed third-party complaints against Alston and Stubbs. Third-party defendant Alston responded by filing a cross-claim against third-party defendant Stubbs.

The plaintiff obtained a partial summary judgment adjudicating fee-simple title to the subject property to be in him. The plaintiff then voluntarily dismissed the remaining prayers for relief in his complaint. Stubbs appeals.

It is Stubbs' contention that the plaintiff is not entitled to the relief sought, because he had actual knowledge of Alston's conveyance of the subject property to Jones, and he, the plaintiff, received part of the proceeds of the sale. Stubbs argues that the plaintiff should be denied relief under the "unclean hands" doctrine.

The other parties to this suit argue that the "unclean hands" doctrine cannot be asserted against the plaintiff, because he seeks strictly legal and not equitable relief. Stubbs argues that under the holding in Division 1 of *Lynch v. Harris County,* 191 Ga. 132 (12 SE2d 293) (1940), a defendant in an ejectment suit can file equitable

defenses. The other parties seek to distinguish *Lynch.*

In our opinion, the issue presented in this case is controlled by Division 3 of *Garbutt & Donovan v. Mayo,* 128 Ga. 269 (57 SE 495) (1907), which constitutes authority for the following propositions: where one party sells property belonging to another party, if the party to whom the property belongs receives proceeds of the sale with knowledge of the fact that it is the proceeds of the sale of his own property, he is estopped from asserting title to the property against the purchaser; if the party to whom the property belongs receives proceeds from the sale of the property in ignorance of the fact that it is proceeds from the sale of his own property, he is not estopped to assert title against the purchaser, but he may be required to account for the money received. Accord, *Ferguson v. Golf Course Consultants,* 243 Ga. 112 (252 SE2d 907) (1979) and cits.

Since there are genuine issues of fact on the question of whether the plaintiff received proceeds from the sale of the subject property with knowledge of the fact that it was the proceeds from the sale of his property, we hold that the trial court erred in granting the partial summary judgment.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 7, 1982.

*Bouhan, Williams & Levy, James M. Thomas,* for appellant.
*Charles H. Brown, Susan Warren Cox, Ronald W. Hallman, Stanley Karsman, Hal Roach, Jr., John R. Turner,* for appellees.